[Decided June 29, 1893.]

## PACKWOOD *v.* STATE.

[S. C. 33 Pac. Rep. 674.]

1. AFFIDAVIT FOR CHANGE OF VENUE.— An affidavit for a change of venue
need not necessarily state in so many words that the application is not
made for the purpose of delay, since that fact may appear from the facts
set forth as clearly as from any positive statement to that effect.

2. POWER OF JUSTICE'S COURTS TO GRANT CHANGES OF VENUE IN CASES OF
MISDEMEANORS.— A justice of the peace has authority to grant a change
of venue in cases of misdemeanor. It is true that the Code of Criminal
Procedure by which, under section 2131, Hill's Code, the practice in
criminal matters before a justice is generally regulated, does not provide
for a change of venue in misdemeanors, but section 2078, which does
provide for such a change, applies to both civil and criminal cases, and
modifies section 2131.

Union County: JAS. A. FEE, Judge.

This is a proceeding, by writ of review, prosecuted by
Wm. H. Packwood, Jr., and others to reverse and annul
the action of the justice's court for Cove Precinct, Union
County, in refusing to grant a motion for a change of
venue, and proceeding with the trial of a criminal charge
against the plaintiffs for trespassing upon enclosed lands,
in violation of section 1794 of Hill's Code. The motion
was based upon the affidavits of each of the defendants in
the criminal proceedings, and plaintiffs herein, setting
forth, among other things, that James Hendershott, justice
of the peace for Cove Precinct, had been and was then
directly interested in the land upon which defendants
were charged with having trespassed, and that he had
been for a long time and still was the agent, adviser, and
counsel of the private prosecutor regarding the land, and
had assisted him in attempting to acquire title thereto, and
had very recently been investigating the same at Portland
and Salem, and was so prejudiced against the defendants
therein that they could not expect to and would not receive
a fair and impartial trial in said justice's court. The

motion for a change of venue was overruled by the justice's court, and a trial had, resulting in the conviction of the defendants in the criminal proceeding, and a judgment that they each pay a fine of fifteen dollars and costs. Upon a hearing in the circuit court, the action and proceedings of the justice's court were affirmed, and plaintiffs appeal. REVERSED.

*J. L. Rand,* for Appellant.

*Chas. F. Hyde,* district attorney, for Respondent.

MR. JUSTICE BEAN delivered the opinion of the court:

1.   That the affidavits for a change of venue in the justice's court presented sufficient grounds for a change of the place of trial, is too clear for argument. It is an ancient maxim, and one founded on the most obvious principles of natural right and justice, that every litigant is entitled to a hearing and trial before a fair and impartial court or tribunal. This principle finds expression in our statute by the provisions for a change of venue when the court or judge is so prejudiced against the party making the motion that he cannot expect a fair and impartial trial before such court or judge: Sections 45, 274, and 1222, Hill's Code. These provisions of the statute should receive a broad and liberal, rather than a technical and strict, construction, and the courts ought not to be too astute in discovering some refined and subtle distinction to avoid their operation, for, as was said by Mr. Justice GRAVES, "The immediate rights of the litigants are not the only object of the rule, but sound public policy, which is interested in preserving every tribunal appointed by law from discredit, imperiously demands its observation": *Stockwell* v. *Township Board of White Lake,* 22 Mich. 349. Indeed, the sufficiency of the facts stated in the affidavits is not seriously questioned, but the contention for the respondents is (1) that the affidavits are defective in sub-

stance because they do not state that the motion was not
made for the purpose of delay; and (2) the statute does
not provide for or authorize a change of venue in a crimi-
nal action for a misdemeanor in a justice's court. The
affidavits are clear to the effect that the justice before
whom plaintiffs were arraigned for trial had prejudged the
the case, and that his interest and personal connection
with the controversy about the title to the land, which
was the only matter in dispute, rendered it improbable, if
not impossible, for plaintiffs to obtain a fair and impartial
trial before him, and hence was a sufficient ground for a
change of venue. To hold that in such a case, where the
motion is made in good faith, the affidavit is fatally defec-
tive because it does not also state that the motion is not
made for the purpose of delay, would be sacrificing sub-
stance to form. An application for a change of venue
must, indeed, be made in good faith and not for the pur-
pose of delay, but that may appear as clearly from the
facts set forth in the affidavit as from any positive state-
ment to that effect, and, when it does so appear, the affi-
davit is, in our opinion, sufficient.

2. By section 2131 of Hill's Code it is provided that
"A criminal action in a justice's court is commenced and
proceeded in to final determination, and the judgment
therein enforced, in the manner provided in the Code of
Criminal Procedure, except as in this act otherwise specially
provided." As no provision is made by the Code of Crim-
inal Procedure for a change of the place of trial in a mis-
demeanor (section 1222, Hill's Code), it is argued that a
justice's court has no authority to grant such change. But
the provision above referred to, concerning the procedure
in criminal actions in a justice's court, is section 78 of the
act to regulate the civil and criminal procedure in justices'
courts, to which section 2078, Hill's Code, was added by
the act of December 19, 1865. By this latter section it is
provided that a justice may change the place of trial, on

motion of either party, when it appears from the affidavit of such party that the justice of the peace is so prejudiced against him that he cannot expect a fair and impartial trial before said justice. This provision, from its language, would seem applicable to either a civil or criminal action, and is, we think, one of the exceptions referred to in section 2131, and was intended and designed to authorize a justice of the peace to change the place of trial in any action, civil or criminal, before him. Otherwise there is no provision of law for a change of the place of trial in criminal actions in a justice's court, as that court has jurisdiction only of certain misdemeanors; and although a justice may be wholly disqualified from hearing the cause by reason of the provisions of section 913 of the Code, or by being so prejudiced against the defendant as to prevent a fair and impartial trial, it must either proceed before him or be discontinued. Such a construction of the statute would often result in manifest injustice and wrong, and ought not to be adopted if it can be reasonably avoided without doing violence to the express language of the statute. It seems to us, from the section of the statute above cited, that the justice of the peace was authorized by law to grant a change of venue in the case now under consideration, and that the affidavits upon which the motion was based constituted sufficient grounds for such change, and that it ought to have been granted.

It follows that the judgment of the court below must be reversed and this cause remanded to the circuit court with directions to that court to reverse the action of the justice's court and remand the cause with directions to grant the motion for the change of venue. REVERSED.