## CITY OF SIOUX FALLS v. NEEB.

Statutes relating to a change of venue in criminal cases, being based on abstract justice, should be liberally construed, so that no person accused of crime might be placed on trial before a disqualified tribunal.

Under Rev. Pol. Code, § 1267, giving the police justice of the peace concurrent jurisdiction with the city justice to hear offenses against the ordinances of a city, section 1277, giving the city justice concurrent jurisdiction with the police justice to hear such offenses, section 1280, providing that in cases not specifically provided for the proceedings of the police and city justice's courts shall be governed by the laws regulating proceedings in justice's courts in criminal cases, and Rev. Justices' Code, § 2, extending the jurisdiction of justices of the peace to actions for fines, penalties, etc., and section 124, authorizing the court at any time before trial to change the place of trial on account of prejudice of the justice, etc., one charged before a police justice with a violation of a city ordinance is entitled to a change of venue on the ground of the prejudice of the justice, police, city, and county justices of the peace having concurrent jurisdiction in such a case, including authority to grant a change of venue.

(Opinion filed, Dec. 20, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

John Neeb was convicted of a violation of a city ordinance of the city of Sioux Falls, and he appeals.   Reversed.

*Joe Kirby,* for appellant.   *Keith, Danforth & Keith,* for respondent.

FULLER, P. J.   Whether a police justice of the peace has any authority to grant an application for a change of venue is the only question presented by this appeal from a judgment of the circuit court sustaining the action of O. A. Fowler, Esq., of Sioux Falls, in denying such an application on jurisdictional grounds before convicting the defendant of the offense of using profane, vulgar, and obscene language in violation of an ordinance of that city.   As applied to criminal procedure, a change of venue is distinctively remedial, and the primary means by which a person charged with a public offense may escape the judgment of a tribunal that is biased and prejudiced against him.   Consequently all statutes relating to the subject are based upon the immutable principles of abstract justice, and should be liberally construed to the end that no accused person may be placed in jeopardy before a judicial tribunal so inherently disqualified.   At the inception of statehood the police justice of the peace was given exclusive jurisdiction to hear, try, and determine all offenses against city ordinances, and the jurisdiction of the city justice of the peace was coextensive with, and in every particular the same as, a county justice of the peace, not only to try cases, but to sit as a committing magistrate.   Article 11, c. 37, p. 62, Session Laws 1890.   This act was amended by chapter 127, p. 213, passed at the 1893 legislative session, being sections 1267 and 1277 of the Revised Political Code, from which we must first determine whether any other tribunal is clothed with jurisdiction of the subject matter and person of the defendant.   From an examination of section 1267 it will be seen that the word "exclusive" is nowhere used, and the police justice of the peace is given "concurrent jurisdiction with that of the city justice of the peace to hear, try and determine offenses against the ordinances of a city; and he shall have concurrent jurisdiction with other justices of the peace in the county in all other cases, civil or criminal."   Under the earlier statutes the city justice of the peace had all the jurisdiction of county justices

of the peace, and in addition thereto section 1277 expressly confers upon him "concurrent jurisdiction with that of the police justice to hear, try and determine offenses against the ordinances of the city with the same power and authority as is now possessed by the police justice of the peace in reference thereto, and the practice, procedure and duties of the city justice shall be the same as is now possessed by the police justice of the peace * * and the process and proceeding of said court shall be governed by the laws regulating proceedings in justices' courts." Section 1280 also relates to the concurrent powers and duties of police and city justices of the peace, and further provides that "in all cases not herein specially provided for the process and proceedings of said court shall be governed by the laws regulating proceedings in justices' courts in criminal cases." By section 2 of the Revised Justices' Code the jurisdiction of justices of the peace is extended "to an action for a fine, penalty or forfeiture, not exceeding one hundred dollars, given by statute or the ordinance of an incorporated city or town," and section 124 thereof provides that "the court may at any time before the trial, on motion, change the place of trial" for specific reasons, among which is the ground set forth in the application of the defendant for a change of venue in this case. In view of the hardship likely to be produced by giving a police justice exclusive jurisdiction in all prosecutions arising from the alleged violation of any city ordinance, it must be presumed that this concurrent jurisdiction was given in the interest of justice to substantially remedy such mischief.

The case of Finch v. Marvin, 46 Iowa, 384, involves the violation of a city ordinance, and the circuit court held that a change of venue from a mayor's court having jurisdiction to that of a justice of the peace was not allowable, for the reason that "there is no provision of law authorizing a change of venue from a mayor's court"; and the Supreme Court say; "This is true, unless it is authorized by section 506 of the Code, which provides, after providing for the jurisdiction of a mayor, that 'the rules of law regulating proceedings before a justice of the peace shall be applicable to pro-

ceedings before such mayor.' The question, then, is narrowed down to this: Can an application for a change of venue be considered as a part of the proceedings before a justice of the peace, within the meaning of the statute? It is contended by the appellee that by proceedings before a justice of the peace is meant those proceedings which pertain to the 'bringing of actions, appearance of parties, trial, judgment, and issuing of executions.' We have to say, however, that we see nothing in the language used that would exclude the proceedings necessary to obtain a change of venue; nor are we able to discover any reason, in the nature of things, why a change of venue should not be allowed from a mayor's court as well as from any other tribunal." Upon principle the following cases are directly in point: Packwood v. State, 24 Or. 261, 33 Pac. 674; Stockwell v. Township Board of White Lake, 22 Mich. 341; City of Puyallup v. Snyder, 43 Pac. (Wash.) 635.

The order made and entered by the police justice and affirmed by the circuit court is as follows: "In this case the defendant, before said case was reached for trial, duly filed an affidavit in writing, asking a change of place of trial on account of my bias and prejudice, which I refused because the law does not authorize any change of Place of trial in this class of cases to any justice, and to which ruling the defendant duly excepted, and said exception is hereby allowed and settled. O. A. Fowler, Police Justice." The provisions of our statute regulating the procedure in, and relating to the powers and duties of, the inferior courts of police, city and county justices of the peace cannot be given effect without holding that their jurisdiction is concurrent in a case like the present, including authority to grant a change of venue.

The judgment appealed from is therefore reversed, and the cause remanded to the circuit court, with the direction that the order and judgment of the police justice of the peace be vacated, and the application for a change of venue be considered on its merits by such justice conformable to this opinion.