Argued April 12, reversed and remanded with directions April 26, 1927.

# P. H. STRAUB *v.* STATE OF OREGON ET AL.

(255 Pac. 897.)

**Criminal Law—Use of Word "Feloniously" in Complaint for Assault and Battery Does not Deprive Justice Court of Jurisdiction (Or. L., § 2411, Subd. 2).**

1. The use of the word "feloniously" in a complaint for assault and battery does not render the complaint one for assault and battery with intent to commit felony, and thereby deprive the Justice's Court of jurisdiction, which, under Section 2411, subdivision 2, Or. L., it has of the crime of assault and battery not charged to have been committed with intent to commit felony.

**Assault and Battery—Complaint for Assault and Battery is not Insufficient Merely for Omission of Word "Accuse" (Or. L., §§ 1448, 1449).**

2. A complaint in Justice's Court for assault and battery, in ordinary concise language, sufficient to inform defendant of nature of charge and to enable the court to pronounce judgment is sufficient to confer jurisdiction, though it does not contain the word "accuse," under Sections 1448, 1449, Or. L., providing when indictment is sufficient and that complaint is not insufficient for imperfection in form.

**Criminal Law—Motion for Change of Venue of Assault and Battery Case on Uncontroverted Affidavit of Justice's Relationship to Person Assaulted must be Sustained (Or. L., §§ 2432, 2481).**

3. Motion for change of venue of assault and battery case, with affidavit that party alleged to have been assaulted is related within third degree to the justice, requires change of venue, where relationship is not denied, under Section 2481, Or. L., prohibiting justice from pronouncing judgment unless injured person appear or be subpoenaed, and Section 2432, providing that justice may change place of trial.

**Criminal Law—Statute Authorizing Justice to Change Place of Trial Presumes Disqualification of Justice Related to Party (Or. L., § 2432).**

4. Section 2432, Or. L., authorizing justice to change place of trial, presumes that he is disqualified if related by affinity or consanguinity within the third degree with the adverse party or those for whom he prosecutes or defends.

**Criminal Law—Statutes Providing for Change of Venue Where Judge is Prejudiced Should Receive Liberal Construction as Matter of Public Policy (1 Hill's Ann. Laws 1892, §§ 45, 274, 1222).**

5. Provisions of 1 Hill's Annotated Laws of 1892, Sections 45, 274, 1222, for a change of venue when judge is prejudiced, should receive a liberal construction, not only the immediate rights of the parties but public policy requiring the preservation of every tribunal from discredit.

**Criminal Law—Existence of Right of Appeal Does not Excuse Justice's Refusal to Change Venue in Proper Case.**

6. Public policy demands that cases involving misdemeanors should be finally determined so far as possible in Justice's Court, and it is not an excuse for denying change of venue in a proper case that party has right to appeal.

**Criminal Law—Affidavit for Change of Venue on Ground of Justice's Relationship to Victim of Assault is Sufficient, Though on Information and Belief (Or. L., § 2432).**

7. Affidavit, under Section 2432, Or. L., for change of venue of assault and battery case on ground of justice's relationship to private prosecutor, is sufficient though on information and belief.

**Criminal Law—"Party" and "Those for Whom He Prosecutes or Defends" in Statute Providing for Change of Venue Where Justice is Related Include Anyone Interested in Case (Or. L., § 2432).**

8. Words "party" and "those for whom he prosecutes or defends," within Section 2432, Or. L., providing for change of venue where justice is related by consanguinity or affinity, include anyone interested in the result of the case.

---

Assault and Battery, 5 C. J., p. 759, n. 11, p. 760, n. 13, p. 766, n. 9.

Criminal Law, 16 C. J., p. 207, n. 87, p. 208, n. 94, p. 209, n. 18.

Indictment and Information, 31 C. J., p. 650, n. 65, 68, 69, p. 693, n. 16, 19, p. 700, n. 15, 26, p. 745, n. 96, 97, 98.

Judges, 33 C. J., p. 1017, n. 22, 26.

4. Degree of relationship necessary to disqualify justice, see note in 12 Ann. Cas. 517.

5. See 15 R. C. L. 530.

8. See 27 R. C. L. 813.

From Benton: G. F. Skipworth, Judge.

Department 2.

This is an appeal by plaintiff, P. H. Straub, from a judgment of the Circuit Court dismissing a writ of review prosecuted by the plaintiff to review the action of the Justice's Court for District No. 9 of Benton County, Oregon, in refusing to grant a motion for a change of venue and proceeding with the trial of a criminal action against the plaintiff for an assault and battery. All of the proceedings in the Justice's Court are set forth in the petition for the writ and the return thereto.

Reversed and Remanded With Directions.

For appellant there was a brief over the name of *Messrs. Middlekauff & Huddleston,* with an oral argument by *Mr. C. M. Huddleston.*

For respondents there was a brief over the name of *Mr. George W. Denman,* with an oral argument by *Mr. Arthur Clarke.*

BEAN, J.—The plaintiff challenged the complaint in the Justice's Court by a motion upon the grounds that the complaint does not state facts sufficient to constitute a crime. Second, that the court had no jurisdiction to try the cause.

The complaint is in the form of an information of felony. The charging part is as follows:

"The said John Doe Straub on the 14th day of May, A. D. 1926, in the county of Benton and state of Oregon, then and there being did then and there unlawfully and 'feloniously' assault and beat one Anna B. Frantz, against the peace and dignity of the state of Oregon, and contrary to the statutes in such cases made and provided."

1. The defendant in the Justice's Court, who is plaintiff here, challenges the sufficiency of the complaint as relating to the jurisdiction of the Justice's Court, on account of the use of the word "feloniously" therein, and contends that the complaint is for an assault and battery with intent to commit a felony. This contention cannot be upheld. Jurisdiction of the crime of assault and battery, not charged to have been committed with intent to commit a felony, or in the course of a riot, or with a dangerous weapon, or upon a public officer in the discharge of his duties, is conferred upon a Justice's Court by Section 2411, subdivision 2, Or. L.

There was no question about the jurisdiction of the Justice's Court to entertain jurisdiction in the absence of the word "feloniously." This does not, however, vitiate the complaint: 31 C. J., p. 700, § 248. The word may be rejected as surplusage.

2. The defendant in the Justice's Court urges that the complaint does not "accuse" him of the offense. While the word "accuse" is not used in the complaint, that instrument contains an accusation which is quoted above. It is sufficient to inform the defendant of the nature of the charge against him, sufficiently for him to make his defense. It is set forth in ordinary concise language, so that a person of common understanding could know what was intended and would enable the court to pronounce judgment upon conviction: Section 1448, Or. L.

A complaint or indictment is not insufficient, nor can a trial or judgment be affected by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits: Section 1449, Or. L. The complaint in this case, although not denominated as an accusation, was sufficient to give the Jus-

tice's Court jurisdiction: See *State* v. *Rader,* 94 Or. 432, 457, 481 (186 Pac. 79); *State* v. *Humphreys,* 43 Or. 44 (70 Pac. 824); *State* v. *Runyon,* 62 Or. 246 (124 Pac. 259).

3. The appellant Straub filed in the Justice's Court a motion for a change of venue supported by an affidavit in which he says, on information and belief, in effect, that Anna B. Frantz, the party on whom the assault and battery was alleged to have been committed, is related by affinity or consanguinity within the third degree to George C. Penson, the justice of peace, in whose court the case was tried. The justice denied the motion for a change of venue. It is apparently conceded on behalf of the state, that the alleged relationship of the persons referred to existed. The state filed an affidavit of Anna B. Frantz, the assaulted person, stating that she was not a party to the case and only interested therein as a witness, should she be called.

Section 2481, Or. L., provides that in a Justice's Court, a criminal action is commenced by the filing of the complaint, verified by the oath of the person commencing the action, who is thereafter known as the private prosecutor. No judgment of conviction or acquittal can be given in such an action in the Justice's Court, unless the person injured appear, or be subpoenaed to attend the trial as a witness.

Section 2432, Or. L., provides in part that, "the justice may change the place of trial on notice of either party to the action, when it appears from the affidavit of such party either—(1) That the justice is a party to or directly interested in the event of the action, or connected by consanguinity or affinity within the third degree with the adverse party or those for whom he prosecutes or defends; (2) That the justice is so prejudiced against the party making the motion

that he cannot expect an impartial trial before such justice; * * "

4. It is contended on behalf of the state that the relationship of the justice to the party of record should exist before the justice would be required to change the place of trial. In some jurisdictions the statutes refer more strictly to the parties than does ours. Under our statute, if the justice is connected by consanguinity or affinity within the third degree with the adverse party "or those for whom he prosecutes or defends," the justice may change the place of trial. The object of the statute is to provide for a fair and impartial trial of a person accused of a misdemeanor in a Justice's Court. This section contains the only provision for a change of venue in a criminal action in a Justice's Court.

5. If a justice is a party to, or directly interested in, the event of an action, no one would contend that such justice would be qualified to try the case. Where it is shown that a justice before whom a case is pending is related by affinity or consanguinity within the third degree, the statute presumes that the justice is interested in the result of the trial and is disqualified. In the present case the law is the same as if the wife of the justice were the injured party. As said by former Justice BEAN, in *Packwood* v. *State*, 24 Or. 261, 262 (33 Pac. 674):

"It is an ancient maxim, and one founded on the most obvious principles of natural right and justice, that every litigant is entitled to a hearing and trial before a fair and impartial court or tribunal. This principle finds expression in our statute by the provisions for a change of venue when the court or judge is so prejudiced against the party making the motion that he cannot expect a fair and impartial trial before such court or judge: Sections 45, 274, and 1222 Hill's Code. These provisions of the statute should

receive a broad and liberal, rather than a technical and strict, construction, and the courts ought not to be too astute, in discovering some refined and subtle distinction to avoid their operation, for, as was said by Mr. Justice GRAVE, 'The immediate rights of the litigants are not the only object of the rule, but sound public policy, which is interested in preserving every tribunal appointed, by law from discredit, imperiously demands its observation'; *Stockwell* v. *Township Board of White Lake*, 22 Mich. 349."

This opinion is the rule and guide in this state.

The language of Mr. Justice BELT used in the opinion of *U'Ren* v. *Bagley*, 118 Or. 77, on pages 82 and 83, of the Report (46 A. L. R. 1173, 245 Pac. 1074), is as follows:

"We take as a premise the truism that every citizen is entitled to a fair and impartial trial. * * The law is not so much concerned with the respective rights of judge, litigant or attorney in any particular cause as it is, as a matter of public policy, that the courts shall maintain the confidence of the people: 15 R. C. L. 530."

6–8. It is urged by the prosecution that the defendant was not injured as he had the right of appeal. The defendant was entitled to a fair and impartial trial without the contingency and expense of an appeal to the Circuit Court. Public policy demands that cases involving a misdemeanor should be tried and finally determined, as far as possible in the Justice's Court.

The prosecution questions the sufficiency of the affidavit for a change of venue, for the reason that it was made upon information and belief. Practically this is the only manner that a defendant could assert the relationship of a justice to an interested party. The defendant would not be presumed to know. On the other hand the justice would probably

know and the state could rebut the affidavit. This it did not do but filed an affidavit of Anna B. Frantz to the effect that she was not a party to the cause, a highly technical question which is not in consonance with the spirit or intent of the statute. The words "party," and "those for whom he prosecutes or defends," by virtue of the language of the statute, as well as by a liberal construction thereof, include anyone interested in the result of the case: See *Johnson* v. *State*, 87 Ark. 45 (112 S. W. 143, 15 Ann. Cas. 531, 18 L. R. A. (N. S.) 619.); *Crook* v. *Newborg*, 124 Ala. 479 (82 Am. St. Rep. 190, 27 South. 432); *Brown* v. *Brown*, 103 Kan. 53 (172 Pac. 1005, L. R. A. 1918F, 1033).

The prosecution practically admitted the correctness of the defendant's affidavit: See 33 C. J., p. 1017, § 186.

The change of venue should have been granted. The judgment of the Circuit Court is reversed, and the cause remanded with directions to that court to reverse the action of the Justice's Court, and remand the cause with directions to the Justice's Court to grant the motion for the change of venue.

REVERSED AND REMANDED WITH DIRECTIONS.

BURNETT, C. J., and BROWN and BELT, JJ., concur.