Argued May 8, demurrer sustained; peremptory writ dismissed
October 7, petition for rehearing denied November 10, 1970

# HENKEL, *Petitioner, v.* BRADSHAW, *Respondent.*

475 P2d 75

*John H. Clough* and *Charles J. Merten,* Portland, argued the cause and filed a brief for petitioner.

*John C. Anicker, Jr.,* Oregon City, argued the cause for respondent. With him on the brief were Jack, Goodwin & Anicker, Oregon City.

Before McAllister, Presiding Justice, Sloan,* O'Connell, Denecke, Holman, Tongue and Howell, Justices.

DENECKE, J.

The question is whether or not the petitioner is entitled to have legal counsel furnished by the state to represent him in a proceeding in which petitioner has been ordered to show cause why he should not be held in contempt for failure to make court-ordered support payments for his child.

The petitioner appeared before the respondent circuit judge in response to a bench warrant for arrest and an order requiring him to appear to show cause

* Sloan, J., resigned September 30, 1970.

why he should not be held in contempt. Petitioner moved the court to determine his financial status and, if he were found to be indigent, to appoint counsel to represent him at no personal expense. The respondent denied such motion.

Petitioner requested this court to issue a writ of mandamus ordering the respondent to grant petitioner's motion. We granted an alternative writ of mandamus ordering the respondent to show cause why he should not grant the motion. The respondent demurred to the alternative writ upon the ground that the writ did not allege facts sufficient to permit the relief sought to be granted.

■■ The respondent first contends that mandamus is not the correct procedure. He argues it is not correct because mandamus will only lie to enforce a "clear legal right" and the right to appointed counsel in a contempt proceeding is not a "clear legal right," but an unclear, disputed right. *State ex rel Maizels v. Juba,* 254 Or 323, 460 P2d 850 (1969), held directly contrary to respondent's contention. "We are now satisfied that in an otherwise proper case, mandamus may be used to decide disputed and difficult questions of law." 460 P2d at 853.

There may be other reasons why a writ of mandamus should not be entertained.

ORS 34.110 provides that a writ of mandamus "shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."

■■ Ordinarily in contempt cases, as well as other kinds of civil and criminal litigation, appeal is considered a speedy, adequate remedy. In *State ex rel Maizels,* supra, 254 Or 323, we correctly viewed

mandamus as a form of interlocutory appeal and identified the problem as one of balancing the "considerations of judicial administration with petitioner's choice of remedy." 254 Or at 332. We concluded that an interlocutory appeal was not an efficient way to proceed in that cause because it was not then necessary for us to decide the issue the petitioner wanted us to pass upon, the legality of the service. By requiring appeal from a final judgment, we allowed for the possibility that the verdict might have been "not guilty" or the trial court might have made a subsequent evidentiary ruling in petitioner's favor.

■ Similarly in the instant case if the petitioner is required to bring the issue of right to counsel before this court by appeal from a final judgment the issue may never be presented to us. The petitioner may be found not to be in contempt; if he is found in contempt he may not be deprived of his freedom, in which event a different problem would be presented than that we now have; or, for other reasons, the issue might never reach us.

Petitioner argues that this case is significantly different from *Maizels* because the alleged constitutional shortcoming, the failure to provide counsel, destroys the integrity of the fact finding process and so any rulings made in the court below, or upon appeal, are of dubious validity because of the absence of counsel. We are of the opinion that such a contention is not on target. The only rulings that will probably terminate the proceedings are that the petitioner is not in contempt or should not be confined. In the former, and possibly in both of these situations, the lack of counsel would not be prejudicial. If petitioner is found in contempt and confined, then on appeal we

can determine the constitutional issue. It is true that petitioner has counsel now and may not necessarily have counsel on appeal. We cannot, however, determine whether mandamus is appropriate by counsel's personal decision to provide representation on mandamus and not on appeal.

Petitioner also contends that appeal is inadequate because petitioner might be held in contempt and confined in violation of his constitutional rights because he was not afforded counsel. If this contention were followed to its logical conclusion it would ultimately require that we would have to entertain an interlocutory appeal to hear every constitutional issue raised by a criminal defendant prior to final judgment. Obviously, this would substantially hamper the efficient administration of criminal justice.

We find it significant that the United States Supreme Court has also followed the principle that an interlocutory appeal will ordinarily not be allowed even though the issue on appeal is an alleged deprivation of a constitutional right. In *DiBella v. United States*, 369 US 121, 82 S Ct 654, 7 L Ed2d 614 (1962), the Court held that the Court of Appeals should not hear interlocutory appeals from rulings on pretrial motions to suppress evidence allegedly obtained by an unconstitutional search and seizure: "* * * [T]he requirement of finality, 'the final judgment rule is the dominant rule in federal appellate practice.' " 369 US at 126.

Petitioner relies upon our decision in *State ex rel Ricco v. Biggs*, 198 Or 413, 255 P2d 1055, 38 ALR2d 720 (1953), to support his position that mandamus lies. In that case the defendant was charged with a misdemeanor; she moved to change the venue upon the ground that she could not get a fair trial in the county

in which the charge was brought. The trial court held it could not pass upon the issue of whether defendant would get a fair trial on the ground it did not have jurisdiction to change the place of trial in misdemeanors. A majority of this court held that a right to a change of venue when a defendant could not obtain a fair trial in the county where the charge was brought was a constitutional right and could not be restricted by statute. Mandamus would lie to compel a trial court to decide whether a defendant was entitled to a change of venue, but it would not lie to review an erroneous decision on the constitutional issue. In this case petitioner seeks to review an allegedly erroneous constitutional decision by mandamus; under *Ricco* his remedy is appeal.

■ While *Ricco* is not support for petitioner's position, we recognize that there is language in the opinion which one could reasonably interpret otherwise. For instance, at 425:

> "The question before us for decision on the merits involves constitutional questions affecting the rights of plaintiff. If she is correct in her contentions, then she is entitled to the immediate protection of her constitutional rights without the contingency and expense of an appeal to the Supreme Court after conviction. *Straub v. State of Oregon et al.*, 121 Or 451, 255 P 897." 198 Or at 425.

This language should be read in light of the peculiar facts of that case; it should not be interpreted to mean that merely because an issue is constitutional a party may have an interlocutory appeal by way of mandamus from a ruling on such issue.

■ Our recent decision in *State ex rel Knapp v. Sloper*, 256 Or 299, 473 P2d 140 (1970), does not require

that we hold in the instant case that mandamus will lie. In that case we held mandamus was proper to review an order denying a motion to quash service of summons. As we pointed out in *Maizels*, interlocutory review by mandamus of orders denying motions to quash service of summons has been a traditional exception to the general rule that only final judgments will be reviewed. In *Ter Har v. Backus*, 256 Or 288, 473 P2d 143 (1970), we refused to extend that limited exception.

Appeal is a speedy and adequate remedy. Mandamus is not necessary.

The peremptory writ is disallowed.