Argued February 26, affirmed April 5, reconsideration denied May 12, petition for review denied June 15, 1976

STATE OF OREGON, *Respondent,*
*v.*
ROBERT G. PFEIFFER, *Appellant.*
(No. 17-286, CA 5061)

548 P2d 174

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant appeals his conviction of three counts of first degree theft, ORS 164.055, alleging (1) that his due process rights were violated because the justice of the peace who presided over his preliminary hearing was not a lawyer and (2) that the testimony of his alleged accomplice was not corroborated as required by ORS 136.440(1).

The evidence introduced at trial tended to prove that several citizens' band radios were stolen in the Tillamook area on the 28th and 29th of April, 1975. Richard Gray testified that he and two other individuals stole the radios along with some other things and that on April 30 he transferred the radios to defendant. It is clear the state intended to prove that defendant committed the theft by receiving the stolen goods. ORS 164.015(5), 164.095.

In support of his first contention, defendant argues that a law-trained magistrate is necessary to protect a defendant from being bound over for trial where there is insufficient evidence to warrant it. He contends that the complex legal issues often raised at preliminary hearings require that the presiding magistrate be a lawyer. He argues that the preliminary hearing is intended to afford an accused the same degree of protection from unfounded prosecution that a grand jury provides, and that a preliminary hearing does not provide the same protection unless presided over by a law-trained magistrate.

Defendant points out that the preliminary hearing is a critical stage of the criminal process at which an accused has a right to an attorney. From this he argues that it is illogical to require an attorney to present legal arguments on behalf of the defendant without having the hearing presided over by a magistrate who can comprehend the legal arguments advanced on his behalf.

Defendant urges us to adopt the reasoning of the

California Supreme Court which held that due process requires that a misdemeanor trial must be presided over by a law-trained judge. *Gordon v. Justice Court,* 12 Cal3d 323, 115 Cal Rptr 632, 525 P2d 72 (1974), *cert denied* 420 US 938 (1975). In a footnote in that opinion the court implied that it would also require that a law-trained magistrate preside over preliminary hearings. *Gordon,* 12 Cal3d at 326, n 2, 525 P2d at 74, n 2.

We are not convinced that a preliminary hearing before a nonlaw-trained magistrate offers any less protection from unfounded prosecution than does a grand jury. In fact, a strong argument can be made that such a preliminary hearing provides more protection than does a grand jury. A defendant given a preliminary hearing has a right to have counsel present, to cross-examine witnesses, to call witnesses of his own and to introduce evidence on his own behalf. A person under investigation by the grand jury has none of these rights.

Even assuming due process requires that a law-trained judge preside over a trial, we are not convinced that the same is required for a preliminary hearing. On this point, we find the rationale of the Wyoming Supreme Court to be persuasive. *Thomas v. Justice Court of Washakie Cty.,* 538 P2d 42, 47 (Wyo 1975), states:

"* * * We think there is an important and obvious distinction [between a preliminary hearing and a trial]. The finding of guilty in a misdemeanor trial (subject only to a right of appeal which is specifically rejected by the California court as being a ready source of relief) is a final judgment; the finding of probable cause after the preliminary hearing determines only the propriety of a trial, complete in every way with every protection that the constitution, laws and decisions of this state have been able to develop. The problems which the California court lists as presenting difficult legal questions in misdemeanor trials necessitating the presence of a lawyer-justice: existence of complex legal questions, perhaps of constitutional nature; difficult evidentiary problems; conduct of jury trial and ruling on questions of evidence;

[ 48 ]

acceptance of guilty pleas and instruction to the defendant as to the effect of the plea; lack of expertise to make proper sentencing decisions; are inapplicable to preliminary examinations wherein procedures are historically more informal and the only question is whether there is probable cause to conclude that a crime has been committed and that the accused has committed it."

Defendant's due process rights were not violated.

In defendant's second assignment of error he contends that the testimony of an alleged accomplice, Richard Gray, was not corroborated as required by ORS 136.440(1).

We cannot agree. The corroborating evidence was supplied by Sue Munsell, a former girlfriend of Gray's. She testified that on April 30, the day after one of the thefts took place, defendant backed his station wagon up to the rear of Gray's automobile. She further stated that she knew the stolen goods were in the trunk of Gray's car. This testimony of Munsell is entirely consistent with the testimony of Gray, who stated that on April 30 he and a third party transferred the stolen items from the trunk of his car to defendant's station wagon. While the above corroboration by itself is not sufficient evidence to convict defendant, it does "tend to connect" defendant with the crime of theft by receiving and is therefore sufficient corroboration. *State v. Brake,* 99 Or 310, 314, 195 P 583 (1921); *State v. Graf,* 6 Or App 243, 487 P2d 92, Sup Ct *review denied* (1971). *See also, State v. Caldwell,* 241 Or 355, 405 P2d 847 (1965); *State v. Townsend,* 19 Or 213, 23 P 968 (1890).

Affirmed.