# STATE ex rel JOHNSON, *Plaintiff-Relator,*
### *v.*
# RICHARDSON, *Respondent.*

555 P2d 202

*Mark Silverstein,* Portland, argued the cause for respondent. On the brief was Leo Levenson, Portland.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

William A. Barton, Newport, filed a brief amicus curiae.

DENECKE, C. J.

## DENECKE, C.J.

One Burik was charged with a crime. Burik gave notice of his intent to rely upon the defense of mental defect. Upon the state's motion, the respondent circuit judge ordered a psychiatric examination of Burik to be made by a psychiatrist of the state's choosing. Burik filed an affidavit stating that unless ordered by the circuit court he would not answer any questions asked of him by the psychiatrist. The state moved for an order requiring Burik to answer questions "other than [concerning] acts or conduct immediately near the scene of the crime * * *." The state also moved that if Burik refused to answer such questions he should be deprived of his right to rely upon the defense of mental defect. The circuit court denied both motions.

The state petitioned this court for a writ of mandamus. We issued an alternative writ ordering the circuit court to either grant one of the motions of the state or show cause why it should not be granted. The circuit court demurred to the alternative writ and answered admitting the facts above stated.

We held in *State v. Phillips,* 245 Or 466, 475, 422 P2d 670 (1967), that when a defendant pleads not guilty by reason of insanity the state is entitled to a mental examination. The legislature codified this rule and adapted it to the newly-enacted defenses of mental defect. ORS 161.315. *State v. Corbin,* 15 Or App 536, 542, 516 P2d 1314, Sup Ct *rev den* (1974).

In *Shepard v. Bowe,* 250 Or 288, 442 P2d 238 (1968), decided before the codification, the trial court ordered the defendant to "answer questions concerning his accident or conduct at or immediately near the time of the commission of the alleged crime [failure to stop at the scene of an accident]." 250 Or at 289. We held that the order violated the defendant's Fifth Amendment right against self-incrimination and vacated the trial court's order. The Attorney General has not asked that we re-examine our decision in *Shepard v. Bowe, supra* (250 Or 288); however, we now have doubt whether our

[ 327 ]

decision in *Shepard v. Bowe* was correct. In *Shepard* we did not pass upon the issue in the present case; that is, must the defendant answer questions of the psychiatrist which do not concern the alleged commission of the crime?

The Court of Appeals in *State v. Corbin, supra* (15 Or App 536), also did not rule on this issue. In that case, before arraignment and before the defendant raised the defense of mental defect, the defendant consented to be examined by a psychiatrist selected by the state. Probably at least partially in response to questioning, the defendant related the conduct for which he was charged and admitted shooting his wife. The Court of Appeals held it was error not to suppress that testimony because the psychiatrist had not advised the defendant of his *Miranda*[1] rights. The decision does not hold that a defendant in the position of the present defendant must be advised that he does not have to answer questions not relating to the commission of the crime.

The cause of the problem is the federal and state constitutional provisions against self-incrimination. In our previous cases and in the briefs and arguments in the present case, no distinction has been made between the Federal and State Constitutions and at least for this case we shall not make any distinction.

The respondent circuit judge contends our decisions, logically extended, lead to the proposition that the defendant cannot be required to answer any questions, not just questions about the commission of the crime. The respondent argues that the answers to questions not directly concerning the commission of the crime may lead to evidence incriminating the defendant. There is support for this contention. *French v. District Court,* Division 9, 153 Colo 10, 384 P2d 268 (1963); Note, 49 Or L Rev 227, 228 (1970).

We conclude, however, that defendant should be

---

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed2d 694, 10 ALR3d 974 (1966).

required to answer questions not pertaining to the commission of the crime and that if he continues to refuse, his affirmative defense of mental defect will be stricken. We realize that the answers to the questions the psychiatrist asks may indirectly lead to evidence tending to incriminate the defendant. This consequence, however, is not sufficient to authorize the defendant not to answer these questions. The chance of the discovery of incriminating evidence must be weighed against the right of the people, as represented by the state, to present competent, persuasive evidence on the defense raised by the defendant.

When the defense of mental defect is raised, we notice as a legislative fact that in order for the state to attempt to present psychiatric evidence of any weight, the psychiatrist must be able to question the defendant.[2] The court took notice of this, with extensive documentation, in *Rollerson v. United States,* 119 US App DC 400, 343 F2d 269, 274 (1964). We took notice of one facet of this proposition in *Shepard v. Bowe, supra* (250 Or at 294).

In *Shepard v. Bowe, supra* (250 Or 288), we weighed the consequence of not requiring a defendant to answer questions about the commission of the crime against the lessened quality of psychiatric testimony caused by such limitation. We concluded that the chances of self-incrimination were so great if questions about the crime had to be answered that we would have to restrict the state to less satisfactory psychiatric testimony. In this case, however, we find the reverse. The chances of self-incrimination are more remote and weigh less heavily than the totally inadequate psychiatric testimony that the state would be able to produce in most instances if the defendant did not have to answer any questions asked by the psychiatrist.

---

[2] We are distinguishing "legislative" from "adjudicative" facts. Currie, *Appellate Courts Use of Facts Outside the Record by Resort to Judicial Notice and Independent Investigation,* 1960 Wis L Rev 39, 51-53.

■ The courts have long recognized that the privilege against self-incrimination is not absolute. Mr. Chief Justice Marshall in *United States v. Burr*, 25 Fed Cas (No. 14,692e), 38, 39-40 (CC D Va 1807), stated:

> "When two principles come in conflict with each other, the court must give them both a reasonable construction, so as to preserve them both to a reasonable extent. The principle which entitles the United States to the testimony of every citizen, and the principle by which every witness is privileged not to accuse himself, can neither of them be entirely disregarded. * * *."

More recently in *Williams v. Florida,* 399 US 78, 90 S Ct 1893, 26 L Ed2d 446 (1970), holding valid a statute requiring pretrial notice of alibi defense, the Court held the privilege against self-incrimination was not absolute. The Court held that because the defendant was required prior to trial, if he chose to make the defense of alibi, to give the state the name and address of an alibi witness, the defendant was not compelled to unconstitutionally incriminate himself. The Court so held despite the fact that with this witness's name and whereabouts the state was furnished with information useful in convicting the defendant.

■ The respondent judge argues that mandamus will not lie because (1) the decision the judge was called upon to make was within its discretion and (2) "there is no strict rule of law applicable." Under the facts in this case the trial court had no discretion. *State ex rel Maizels v. Juba,* 254 Or 323, 460 P2d 850 (1969), answers the respondent's contention (2).

We order the trial court to order the defendant to answer questions asked by the psychiatrist about matters "other than acts or conduct immediately near the scene of the crime" and if he does not, to strike the defense of lack of responsibility due to mental defect.[3]

Peremptory writ ordered.

---

[3]Under the circumstances in which this proceeding arose, the right of counsel for either party to be present at the examination is not in issue and we decline to give an advisory opinion on the matter.

**HOWELL, J.,** specially concurring.

I concur in the majority opinion for the sole reason that the state did not request that the defendant answer questions concerning the defendant's conduct and the circumstances existing at the time of the commission of the crime. The state only requested that the defendant be required to answer questions other than those relating to "acts or conduct immediately near the scene of the crime." Obviously, the state's position was predicated upon our decision in *Shepard v. Bowe,* 250 Or 288, 442 P2d 238 (1968), where we held that a defendant does not have to answer questions concerning his conduct relating to the offense charged.

I believe that *Shepard v. Bowe, supra,* places the state in an almost impossible situation and should no longer be followed. The majority opinion recognizes, as this court did in *Shepard,* that in many cases it would be difficult for the state's psychiatrist to form a professional judgment as to the mental condition of the defendant if the psychiatrist cannot inquire into the defendant's conduct and the circumstances existing at the time of the commission of the crime. It would not only weaken the state's case but would grant one side an unfair advantage.

I believe the proper procedure which would retain the state-individual balance would be to allow both psychiatrists the right to interrogate not only regarding the history of the defendant but also, more importantly, concerning the defendant's conduct, his mental condition, and his motivation at the time of the incident.[1] Any problem concerning a Fifth Amend-

---

[1] I agree with the following statement by the court in *United States v. Cohen,* 530 F2d 43, 47-48 (5th Cir 1976):

"* * * Since any statement about the offense itself could be suppressed, a rule forbidding compelled examinations would prevent no threatened evil, and the government will seldom have a satisfactory method of meeting defendant's proof on the issue of sanity except by the testimony of a psychiatrist it selects—including, perhaps, the

ment privilege would be obviated by not allowing the state's psychiatrist to testify to statements by the defendant relating to the commission of the crime unless, of course, such evidence was previously offered by the defendant or his psychiatrist or by defendant's counsel in his statement to the jury, or elicited by cross-examination of the state's psychiatrist. *See United States v. Bohle,* 445 F2d 54 (7th Cir 1971).

testimony of psychiatric experts offered by him—who has had the opportunity to form a reliable opinion by examining the accused. To hold that compelled psychiatric examinations are forbidden because sanity is an element of the offense and that the privilege against self-incrimination prohibits compulsory elicitation of statements going to an element of the offense would be confining ourselves within an analytical prison. * * *" (Footnotes omitted.)