Argued and submitted February 6, alternative writ
of mandamus dismissed June 3, petition for rehearing
denied (289 Or 673, 616 P2d 496) September 23, 1980

STATE ex rel
AUTOMOTIVE EMPORIUM, INC.,
*Plaintiff-relator,*
*v.*
MURCHISON, et al,
*Defendants.*
SC 26477

STATE ex rel TROW,
*Plaintiff-relator,*
*v.*
MURCHISON, et al,
*Defendants.*
SC 26478
611 P2d 1169

Charles J. Merten, Portland, argued the cause for plaintiff-relator. With him on the briefs was Merten & Saltveit, Portland.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

TANZER, J.

## TANZER, J.

This is an original mandamus proceeding. Relators are indicted criminal defendants who petition this court to mandate the circuit judge and district attorney to conduct a preliminary hearing or dismiss the charges. Relators claim entitlement to a preliminary hearing, notwithstanding their indictment. The defendants on the writ assert, among other things, that mandamus is not a proper remedy because the relators may appeal if convicted.

The power of this court to issue writs of mandamus is granted by the constitution, Or Const, Art VII (Am), § 2,[1] and defined by statute, ORS 34.110, which embodies conventional mandamus theory. It states:

> "* * * The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."

■■ As relators acknowledge, direct appeal in criminal cases is generally regarded as a "plain, speedy and adequate remedy in the ordinary course of the law," *State ex rel Maizels v. Juba,* 254 Or 323, 331-34, 460 P2d 850 (1969); *Henkel v. Bradshaw,* 257 Or 55, 475 P2d 75 (1970). A denial of a preliminary hearing is a ruling which may be reviewed on direct appeal. ORS 138.020 and 138.040,[2] *State v. Sanford,*

[1] Or Const, Art VII (Am), § 2:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the supreme court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings.

[2] ORS 138.020 states:

"Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in [ORS 138.040] and not otherwise."

ORS 138.040 states:

"The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court * * *. Upon appeal * * * any decision of the court in an intermediate order or proceeding may be reviewed. * * *"

245 Or 397, 405, 421 P2d 988 (1966), *State v. Walley,*
1 Or App 189, 460 P2d 370 (1969); *cf. State v. Pfeiffer,*
25 Or App 45, 548 P2d 174 (1976); *see also Anderson v.
Gladden,* 234 Or 614, 627, 383 P2d 986 (1963). There-
fore, in the absence of special circumstances, relators
have a plain, speedy and adequate remedy in the form
of a direct appeal.

The relators contend that direct appeal is not
an adequate remedy because they will be prejudiced in
two respects if forced to trial without a preliminary
hearing: they will be denied (1) pretrial discovery of
the testimony of a prosecution witness who has re-
fused to be interviewed, and (2) a pretrial opportunity
to determine whether the state has probable cause to
require them to answer to the charge.[3] The issue is
whether this constitutes such prejudice as renders
direct appeal a less than adequate remedy. We con-
clude that it is not.

■ As to the first contention, there is no differ-
ence relevant to mandamus between this and any
other pretrial ruling denying discovery. Any claim of
prejudice arising from a denial of discovery is review-
able on direct appeal. *State v. Wolfe,* 273 Or 518, 542
P2d 482 (1975); *State v. King,* 30 Or App 223, 566 P2d
1204 (1977); *State v. Castro,* 25 Or App 873, 551 P2d
488 (1976).[4] This is to be distinguished from a dis-
covery order which erroneously requires disclosure of

---

[3] Because relators do not allege that they are being detained, the
second allegation of prejudice means only that they will be forced to
litigate.

[4] The dissent asserts that we should reach the issue urged by relators
because, if convicted, it will be difficult for them on direct appeal to
demonstrate prejudice. That may be. Regarding relators' claim of
entitlement to a probable cause determination, it is true after a verdict
beyond reasonable doubt that relators will be hard put to claim prejudice
arising from a denial of a pretrial probable cause hearing. Regarding
relators' right to discovery, the existence or not of prejudice will be an issue
as in any appellate review of a denial of discovery, *State v. Wolfe, supra.*
Such an appeal might differ from *Wolfe,* however, in that if federal
constitutional error is found, we must reverse unless we can declare it
harmless beyond a reasonable doubt. *State v. McLean,* 255 Or 464, 477-79,
468 P2d 521 (1970).

privileged communications, *State ex rel N. Pacific Lbr. v. Unis,* 282 Or 457, 579 P2d 1291 (1978), or which requires disclosure by a party *(e.g.,* the state) which has no post-trial appeal from an adverse judgment, *State ex rel Johnson v. Richardson,* 276 Or 325, 555 P2d 202 (1976). Those cases are distinguishable in that relators suffered an irretrievable loss of information and tactical advantage which could not be restored to them on direct appeal. Relators here are not prejudiced by the requirement that they defer review of their claim of denial of discovery until direct appeal. Were their assertion correct, every pretrial discovery ruling would be subject to review by mandamus.

■ ■ Neither is the prospect of suffering the burden of litigation a sufficient injury in itself to justify mandamus. Direct appeal is an adequate remedy unless the relator would suffer a special loss beyond the burden of litigation by being forced to trial.[5] Examples of such injury are the obligation to make nonrecoverable interim payments of compensation, *State ex rel Huntington v. Sulmonetti,* 276 Or 967, 557 P2d 641 (1976), and being required to relitigate when a summary judgment is set aside by the trial court after its authority to do so has expired, *State ex rel State Farm Mutual Auto Ins. Co. v. Olsen,* 285 Or 179, 590 P2d 231 (1979). Here, however, there is no special loss asserted.

Because direct appeal is a plain, speedy and adequate remedy for the review of the ruling challenged by relators, mandamus is inappropriate. The writ is therefore dismissed.

Alternative writ of mandamus dismissed.

---

[5] An exception exists where the relator asserts that a court is improperly asserting jurisdiction, *State ex rel Knapp v. Sloper,* 256 Or 299, 473 P2d 140 (1970), *State ex rel Handly v. Hieber,* 256 Or 93, 471 P2d 790 (1970). This exception has also been extended to cases of improper venue. *Mack Trucks, Inc. v. Taylor,* 227 Or 376, 382, 362 P2d 364 (1961) (dicta); *State ex rel Ricco v. Biggs,* 198 Or 413, 425, 255 P2d 1055 (1953); *Willamette Lbr. Co. v. Cir. Ct., Mult. Co.,* 187 Or 591, 598, 211 P2d 994 (1949). Neither jurisdiction nor venue is in issue here.

**PETERSON, J.,** specially concurring.

I concur in the result. I do so because I believe that the question of the constitutionality of present Oregon procedures permitting prosecution by information or indictment can be reached by direct appeal. The relators complain that they are disadvantaged in contrast to defendants who are charged by information, which constitutes a denial of the equal protection of the law. Such a claimed deprivation is sufficient to raise the constitutional questions without a showing that the lack of such hearing may have affected the outcome of the trial and was therefore prejudicial error.

Linde, J., joins in this opinion.

**LENT, J.,** dissenting.

The majority orders dismissal of the alternative writ of mandamus issued by this court pursuant to Article VII (amended), section 2, of the Oregon Constitution. I must dissent because I believe the majority has misconceived the question of law presented by the allegations of the alternative writ as admitted by defendants' demurrer.[1]

The majority states that it is given that direct appeal in a criminal case is "generally regarded" as a plain, adequate and speedy remedy in the ordinary course of the law. Since the denial of a preliminary hearing is a ruling which may be "reviewed" on direct appeal according to the majority, it follows that "in the absence of special circumstances" relators have such a plain, adequate and speedy remedy.

The majority then proceeds to miscast the relators' position so as to make it appear that the issue presented is whether mandamus will lie to review

---

[1] This dissent is from the action of the majority in holding that appeal is an adequate remedy. I express no view on the merits of relators' claims of unconstitutionality of the Oregon dual prosecution system.

an order of the trial court denying discovery. That simply is not the issue. Rather the issue presented by this proceeding is whether, in the circumstances estab-

lished by the writ and demurrer thereto, if relators are not afforded a post-indictment hearing akin to that commonly known as a "preliminary hearing," the state, acting through the defendants, will have denied relators due process and equal protection of the laws.[2]

Under the law of this state the district attorney may institute felony proceedings against a defendant in at least two different ways. He may charge the defendant on a district attorney's information filed in circuit court if, after a preliminary hearing before a magistrate, the defendant has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the defendant committed it. Or Const., Art VII (Amend.), § 5(5). On the other hand, the district attorney may take the matter to the grand jury which may return an indictment charging the defendant with a crime when all of the evidence before the grand jury is such as would in the judgment of the grand jury warrant a conviction by a trial jury if the evidence is unexplained or uncontradicted. Or Const., Art VII (Amend.), § 5(3); ORS 132.380 and 132.390. More simply put, the district attorney may elect whether the state shall initiate prosecution by way of a preliminary hearing or by way of the grand jury.

In this case the state, through the defendant district attorney, elected to proceed and accuse relators by way of indictment; consequently, relators were not afforded that preliminary hearing which is available to any defendant against whom the district attorney elects to proceed by district attorney's infor-

---

[2] Amendment XIV to the United States Constitution provides in pertinent part:

"* * *; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

mation. The indictment charged relators with the crime of Unauthorized Use of Vehicle, ORS 164.135.

The name of a certain witness appeared on the face of the indictment as having been a witness examined before the grand jury, ORS 132.580, and as being a co-owner of the vehicle. Police reports made available to relators' counsel indicated that this was the witness who would give evidence essential to the prosecution on the element of want of authority to use the vehicle. Counsel's investigator attempted to interview that witness, who refused to talk about the case.

Relators then moved to dismiss the indictment and, alternatively, should that motion not be allowed, moved for an order allowing relators a "preliminary hearing." Defendant judge of the circuit court denied the motions.

The majority's proposed dismissal of the writ is premised upon the existence of a plain, adequate and speedy remedy by way of appeal if relators are convicted. That assumes that on appeal relators will receive a decision as to whether they have been denied due process and equal protection of the laws by reason of being denied a preliminary hearing because the district attorney exercised his unfettered discretion to proceed against relators by indictment rather than district attorney's information. I daresay they will not get such a decision.

Upon appeal the relators will presumably assign as error the denial of their motions. The appellate court will inquire only as to whether it is error to deny a post-indictment motion for a "preliminary hearing" and, holding that there need not be a preliminary hearing where the grand jury has indicted, will find no error. Even if we assume that the appellate court would find error, I do not see how the relators will be able to show that the error contributed to their convictions.

The question presented as to the denial of due process and of equal protection of the laws by a criminal procedure system that allows the prosecutor unfettered discretion to decide which criminal defendants shall have a preliminary hearing and which shall not is not a trivial or frivolous question. The California Supreme Court has squarely held such a system to work a denial of equal protection of the laws. *Hawkins v. Superior Court,* 22 Cal3d 584, 150 Cal Reptr 435, 586 P2d 916 (1978). I quote from the summary, 22 Cal3d at 584, because I find it to be accurate:

> "At their arraignment following grand jury indictment for conspiracy (Pen. Code, § 182, subd. 4), and grand theft (Pen. Code, § 487, subd. 1), defendants each pleaded not guilty. Their motion for a dismissal, or in the alternative, a postindictment preliminary hearing, was denied.

> "The Supreme Court issued a peremptory writ of mandate directing the trial court to grant defendants' request for a postindictment preliminary hearing, with the prosecution refiling the indictment as a complaint. The court held that, under the equal protection clause of the California Constitution there was no compelling state interest to justify the denial of fundamental rights such as counsel, confrontation, and a hearing before a judicial officer, to the class of defendants against whom the prosecution chose to proceed by indictment. The court noted that the grand jury, in its role of accuser, has largely become an arm of the prosecutor."

The California court noted that under California law the defendant charged by information becomes entitled to an "impressive array" of procedural rights not available to the defendant charged by indictment.[3] The same thing is true under Oregon law.

---

[3] A case comment on *Hawkins v. Superior Court,* 22 Cal3d 584, 150 Cal Reptr 435, 586 P2d 916 (1978), in 13 Suffolk L Rev 1482 (1979) collects other writing in legal periodicals in the last decade. A particularly interesting article suggesting constitutional infirmity in the dual prosecution system is that by Alexander and Portman: *Grand Jury Indictment Versus Prosecution by Information—An Equal Protection-Due Process Issue,* 25 Hastings Law J 997 (1974).

A defendant charged by information is afforded a preliminary hearing before a neutral magistrate. At the hearing the defendant will be represented by counsel. The defendant may confront and cross-examine the witnesses called by the state. He may subpoena witnesses and present their evidence. He has a right to testify in his own behalf. None of those rights are available to a defendant against whom the district attorney elects, for reasons of his own, to proceed by indictment.[4]

The Michigan Supreme Court in *People v. Duncan,* 388 Mich 489, 201 NW2d 629 (1972) reached the same result as the California Court by a different route. The Michigan Court exercised its supervisory power to order that lower courts afford a post-indictment hearing to defendants who had been deprived of a preliminary hearing.

Those cases are, of course, not binding upon this court, and it might well be that we would not come to the same conclusion upon constitutional or other grounds. If I were at all convinced that relators in the case at bar had any way to get a decision upon direct appeal upon these constitutional issues, I would not write this separate opinion. Of course, the majority could dispel my suspicion that the issue will not be reached by making it clear that an appeal will present that issue to be decided by the court of direct appellate jurisdiction. The majority does not satisfy me in that respect.

I dissent.

---

[4] Oklahoma provides by statute the right of the defendant to have a post-indictment "preliminary hearing." Okla Stat. Ann. tit. 22, § 524.