Argued and submitted November 8, 2013, peremptory writ of mandamus to issue May 30, 2014

JASON VAN BRUMWELL,
*Petitioner-Relator,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary
*Defendant-Adverse Party.*

(CC 12C11135; SC S060980)

326 P3d 1177

Jesse Merrithew, Levi Merrithew Horst LLP, Portland, argued the cause and filed the brief for relator. With him on the brief were Michael Curtis and Kathleen Correll.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause and filed the brief for adverse party. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Timothy R. Volpert, Davis Wright Tremaine LLP, Portland, filed the brief for *amicus curiae* American Civil Liberties Union of Oregon, Inc. With him on the brief were Blake J. Robinson and Kevin Diaz, Legal Director, ACLU Foundation of Oregon, Inc.

Kenneth A. Kreuscher, Portland Law Collective, LLP, Portland, filed the brief for *amicus curiae* Oregon Criminal Defense Lawyers Association.

BALDWIN, J.

## BALDWIN, J.

This is the second of two cases that this court decides today regarding the interpretation and application of OEC 503(4)(c), the breach-of-duty exception to the lawyer-client privilege, OEC 503(2). In *Longo v. Premo*, 355 Or 525, 326 P3d 1152 (2014), we construed OEC 503(4)(c) to be a limited exception permitting disclosures of confidential information only as necessary for a lawyer to defend against allegations of breach of duty, and we directed the issuance of a peremptory writ of mandamus requiring a post-conviction court to issue a protective order. For the reasons that follow, we similarly grant mandamus relief to petitioner in this case.

In this original proceeding, relator (petitioner), who is the petitioner in the underlying post-conviction case, seeks a writ of mandamus to compel the Marion County Circuit Court judge presiding over the case (the post-conviction court) to issue a protective order with respect to documents and communications subject to the lawyer-client privilege. Petitioner's motion for a proposed protective order sought to prevent adverse party (the state), who is the superintendent of the Oregon State Penitentiary and the defendant in the underlying post-conviction case, from disclosing such information to third parties unrelated to the post-conviction case.

Petitioner was convicted in Marion County Circuit Court of two counts of aggravated murder and was sentenced to death. This court affirmed his judgment of conviction and capital sentence on direct review in *State v. Brumwell*, 350 Or 93, 249 P3d 965 (2011), *cert den*, ___ US ___, 132 S Ct 1028 (2012). Petitioner subsequently filed a petition for post-conviction relief,[1] asserting that his court-appointed counsel in his criminal trial had provided ineffective assistance in violation of his constitutional right to counsel under Article I,

---

[1] This case relates only to the claims stemming from petitioner's conviction in Marion County. *See Brumwell*, 350 Or 93 (affirming conviction and capital sentence on direct review). In his post-conviction petition, petitioner also sought post-conviction relief from judgment of the conviction and sentence imposed in Lane County and affirmed on appeal in *State v. Van Brumwell*, 154 Or App 729, 963 P2d 756, *rev den*, 327 Or 583 (1998). The claims relating to petitioner's Lane County case are no longer at issue.

section 11, of the Oregon Constitution[2] and the Sixth Amendment to the United States Constitution.[3]

In the post-conviction proceeding, petitioner filed a motion for a protective order with respect to materials subject to the lawyer-client privilege, OEC 503(2).[4] Petitioner more specifically sought an order protecting any privileged information that he, his former trial attorneys, and those working with his former attorneys would provide upon deposition. He sought to preclude use of such privileged materials "for any purpose other than litigating the instant proceeding" and to bar any party from "turning them over to any other persons or offices, including, in particular, law enforcement or prosecutorial agencies involved in" prosecuting his underlying criminal case. Petitioner asserted that, without such a protective order in place, the state, which is represented by the Department of Justice, could disclose the privileged information without restriction.

The state then filed two subpoenas *duces tecum.* The first subpoena was directed at the Marion County Association of Defenders; the second was directed at the Office of Public Defense Services. Each ordered counsel at those offices to deliver "[a]ny and all billing records in your possession, or in the possession of any agent acting on your behalf, of trial counsel, investigators, or any other parties who performed services for the defense" of petitioner's criminal case.

Petitioner responded by filing motions to quash the state's subpoenas. Petitioner also sought *in camera* review and a protective order covering those documents insofar as they would be subject to the lawyer-client privilege under OEC 503(2). Petitioner more specifically requested "an

[2] Article I, section 11, of the Oregon Constitution provides, "In all criminal prosecutions, the accused shall have the right to * * * be heard by himself and counsel."

[3] The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."

[4] OEC 503(2) provides, "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client." The privilege expressly protects communications made between the client and the client's lawyer. *Id.*

order quashing [the] subpoena[s] only to the extent that the materials in question be delivered under seal directly to the Court." Petitioner proposed that, once delivered, "the Court conduct an *in camera* review of those materials to determine which, if any, of them should be disclosed to [the state]." Petitioner argued that, if any materials were disclosed to the state, a protective order should "preclud[e] the use of those materials for any purpose other than litigating the instant proceeding, and bar[] [the state] from turning them over to any other persons or offices, including, in particular, law enforcement or prosecutorial agencies involved in the prosecution" of petitioner's criminal trial. In support of his motions, petitioner emphasized that the scope of his proposed protective order was limited because he was "not seeking to prevent examination of the materials subject to the subpoena." Rather, he claimed that he was "simply seeking to limit that disclosure to the extent necessary to allow [the state] to litigate its case and respond to the allegations."

After hearing the parties' arguments, the post-conviction court issued an order denying petitioner's motion for a protective order. The court also issued an order denying petitioner's motions to quash the state's subpoenas, to establish *in camera* review, and to impose protective orders over the billing information sought. Petitioner then sought a peremptory or alternative writ of mandamus from this court directing the post-conviction court to issue an appropriate protective order. After considering the parties' arguments, this court issued an order allowing petitioner's petition for an alternative writ of mandamus directing the post-conviction court to vacate its orders or, in the alternative, to show cause for not doing so. The post-conviction court declined to change its ruling and this matter is now before us for decision.[5] *See* ORS 34.250(7).

The core issue in this case, as in *Longo*, 355 Or 525, is whether the post-conviction court committed legal error by denying petitioner's motion for a protective order. The arguments proffered by the parties are essentially the same

---

[5] The case was consolidated with *Longo*, 355 Or 525 for purposes of oral argument.

as those advanced by the parties in *Longo*. We do not repeat those arguments at length here.

In *Longo*, we examined the meaning and scope of OEC 503(4)(c), the breach-of-duty exception, sometimes referred to as the self-defense exception, to the lawyer-client privilege. OEC 503(4)(c) provides:

"There is no privilege under this section:

"* * * * *

"(c) As to a communication relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer[.]"

We concluded that OEC 503(4)(c) is

"a limited exception permitting disclosures of confidential information only as reasonably necessary for a lawyer to defend against allegations of breach of duty. In this post-conviction proceeding, that exception applies only during the pendency of the post-conviction case, including appeal, and only as is reasonably necessary to defend against petitioner's specific allegations of breach of duty. All other confidential communications covered by OEC 503(2) not falling under that exception, or some other exception, are privileged and protected from disclosure."

*Longo*, 355 Or at 539 (footnotes omitted).

Here, petitioner moved for protective orders under ORCP 36 C, a general provision authorizing courts to issue orders limiting the extent of disclosure of information under appropriate circumstances. Petitioner also moved to quash the state's subpoenas directed at confidential billing documents. Petitioner acknowledged the breach-of-duty exception of OEC 503(4)(c) and did not object to the state's discovery of confidential information for the limited purposes of the post-conviction proceeding. Petitioner's motions were an attempt to prevent the disclosure of confidential information protected by OEC 503(2) beyond that required by the limited exception provided for in OEC 503(4)(c). Petitioner argues that permitting disclosure of the communications without restrictions could result in the prosecutor obtaining privileged information—to which the state would not otherwise have access—that could substantially prejudice

petitioner in any future retrial. Petitioner claims that, if he were to prevail on his post-conviction claims and obtain a remand for additional trial or sentencing proceedings, the prosecutor's possession of such privileged information could prejudice him because it could be used against him in ways that would be difficult to anticipate or prevent.

Specifically, petitioner's motions fairly addressed three categories of disclosure: (1) disclosures of confidential communications by the state or its representatives during the course of the post-conviction proceeding to third persons with no connection to the preparation of a defense to any breach-of-duty allegations; (2) disclosures of such communications to anyone after the completion of the proceeding; and (3) disclosures to third persons during the proceeding for the purpose of preparing a defense to breach-of-duty allegations. The first two categories of disclosures are not necessary for the preparation of the state's defense and, thus, do not fall within the limited exception of OEC 503(4)(c). Whether a particular disclosure falls within the third category will depend on the factual circumstances and allegations presented in each case.

The state argues that a protective order could unfairly interfere with preparing a defense to petitioner's claims. But that argument fails to distinguish between the disclosure of materials to third parties for purposes of defending the breach-of-duty claims and the disclosure of materials to third parties who have no relationship whatsoever to the post-conviction proceeding. A post-conviction court can properly permit disclosures to third parties for purposes of preparing a defense to breach-of-duty claims and, at the same time, prevent unnecessary disclosures beyond the confines of the post-conviction proceeding.

We conclude, as we did in *Longo*, that petitioner

"had a privilege to prevent the disclosure of confidential communications in this matter under OEC 503(2), to the extent that those communications did not fall under the breach-of-duty exception of OEC 503(4)(c). Therefore, the post-conviction court had a legal duty to prevent the disclosure of those communications not reasonably necessary to serve the limited purposes of that exception. Because

petitioner moved to prevent the disclosure of privileged information not reasonably necessary to a defense, the post-conviction court did not have discretion to fail to protect that information. Thus, the post-conviction court's order denying petitioner's motion constituted legal error. *See State ex rel. Johnson v. Richardson,* 276 Or 325, 555 P2d 202 (1976) (trial judge had no discretion to deny state's motion to require defendant to answer questions of state's psychiatrist when mental defect asserted as defense).

"Here, the post-conviction court's denial of petitioner's motion means that nothing prevents the disclosure of confidential communications without limitation to third persons unrelated to the preparation of a defense in this post-conviction proceeding. Nor is there anything preventing the disclosure of confidential communications even after the completion of that proceeding. Under OEC 503(2) and ORCP 36 C, a protective order was appropriate to prohibit those disclosures not reasonably necessary for the preparation of a defense. Under OEC 503(4)(c), however, the lawyer-client privilege must give way with respect to disclosures to third persons during the pendency of the proceeding for the purpose of preparing a defense to breach-of-duty allegations. In the context of this post-conviction proceeding, the post-conviction court must exercise its discretion to determine whether to permit disclosures under this category based on the factual circumstances and the specific allegations of breach of duty. We therefore leave it to the post-conviction court to determine the appropriate terms of a protective order in this case."

355 Or at 540-41.

In this case, the post-conviction court erred by denying petitioner's motion for a protective order and his motion to quash subpoenas prior to an *in camera* review. On remand, the post-conviction court, in the exercise of its discretion, may determine what disclosures are reasonably necessary for the purposes of a defense and what procedures are appropriate. We leave such determinations to the sound exercise of the post-conviction court's discretion based on the circumstances presented, so long as the provisions of both OEC 503(2) and OEC 503(4)(c) are enforced.

Because the post-conviction court failed to protect against the disclosure of privileged communications and

committed legal error, mandamus is an appropriate remedy in this case. *See Longo*, 355 Or at 542. With disclosure of such information, petitioner would "suffer[] an irretrievable loss of information and tactical advantage which could not be restored to [him] on direct appeal." *State ex rel. Automotive Emporium v. Murchison,* 289 Or 265, 269, 611 P2d 1169, *reh'g den,* 289 Or 673 (1980); *see also State ex rel. Johnson v. Richardson,* 276 Or 325, 555 P2d 202 (1976) (mandamus appropriate remedy when trial judge had no discretion to deny state's motion to require defendant to answer questions of state psychiatrist). We therefore direct the issuance of a peremptory writ of mandamus requiring the post-conviction court to vacate its order and issue a protective order.

Peremptory writ of mandamus to issue.