PER CURIAM
*728 **812 This original mandamus proceeding arises out of an underlying wage-and-hour action. Plaintiffs in that action are former Starbucks baristas. They sued Starbucks, claiming that it improperly calculated state and federal tax withholdings and, as a result, improperly deducted those withholdings from plaintiffs' paychecks. Plaintiffs alleged that, because of those improper deductions, Starbucks failed to pay them the full wages that they had earned, violating state wage-and-hour laws. As it related to those violations, plaintiffs' complaint sought injunctive relief, declaratory relief, and damages.
After the case was removed to federal court and then remanded back to state court, the trial court ruled on numerous issues. Starbucks moved the trial court to dismiss plaintiffs' claims on four grounds. First, Starbucks argued that plaintiffs' complaint was a tax refund suit that was preempted by a federal law, 26 USC § 7422(a), which Starbucks argued requires plaintiffs to follow IRS refund procedures before bringing such a suit. Second, because plaintiffs are former, rather than current, employees, Starbucks contended that they had no standing to seek injunctive and declaratory relief. Third, Starbucks argued that plaintiffs' claims were barred by the federal Anti-Injunction Act of 1867, 26 USC § 7421(a) (AIA), which prohibits claims attempting to restrain the assessment or collection of federal taxes. Fourth, Starbucks maintained that, because plaintiffs complained of conduct that occurred in the course of tax-collection activities, Starbucks had federal and state statutory immunity from plaintiffs' claims. 26 USC § 3403 ; 26 USC § 3102(b) ; ORS 316.197(2).
In response to Starbucks' preemption argument, plaintiffs abandoned any claim for damages in the form of a refund or return of withheld wages. Plaintiffs explained that the money damages that they had sought were only those provided by state statutory law governing payment of wages. The parties also filed cross-motions for summary judgment on a merits question: whether Starbucks violated ORS 652.610(3), which provides that "[a]n employer may not withhold, deduct or divert any portion of an employee's **813 wages unless *** [t]he employer is required to do so by law."
Based on plaintiffs' concession that they were not seeking a return of the withheld wages, the trial court dismissed any claim that plaintiffs had for a refund or return of the withheld wages, but permitted plaintiffs' claims for statutory damages to proceed. The trial court also agreed in part with Starbucks' standing argument and dismissed plaintiffs' claim for injunctive relief. But the court held that plaintiffs had standing to seek a nonanticipatory form of declaratory relief. The court also held that neither the AIA nor statutory immunity barred plaintiffs' remaining claims for statutory damages and nonanticipatory declaratory relief. And, on the merits issue, the trial court ruled in favor of plaintiffs, concluding that Starbucks' withholding of taxes based on unreported tip income was not required by either state or federal tax law.
Starbucks petitioned this court for an alternative writ of mandamus. In its petition, Starbucks raised two questions: whether plaintiffs' claims are prohibited by the AIA and whether they are prohibited by the statutory immunity provisions. This court issued an alternative writ of mandamus. After the *729 trial court declined to vacate its order, the matter returned to this court.
Following briefing and oral argument, however, we now conclude that the questions raised in the mandamus petition are better resolved in the ordinary trial and appellate process. Accordingly, we exercise our discretion to decline resolving those questions, and dismiss the petition as improvidently allowed. See State v. Blok , 352 Or. 394, 400, 287 P.3d 1059 (2012) ("This court's exercise of its mandamus power is discretionary."); Or. Const., Art. VII (Amended), § 2 ("[T]he supreme court may, in its own discretion, take original jurisdiction in mandamus[.]").
As an initial matter, there are questions about whether both issues are appropriately raised in a mandamus proceeding. Mandamus is appropriate only if there is no "plain, speedy and adequate remedy in the ordinary course of the law." ORS 34.110. Generally, "[d]irect appeal is **814 an adequate remedy unless the relator would suffer a special loss beyond the burden of litigation by being forced to trial." State ex rel. Automotive Emporium v. Murchison , 289 Or. 265, 269, 611 P.2d 1169 (1980). To determine whether direct appeal provides Starbucks with an adequate remedy, we would have to resolve numerous complex issues of both state and federal law, not all of which have been briefed adequately.
Additionally, although the mandamus petition directly raises questions about the AIA and the statutory immunity provisions, the parties have intertwined arguments about federal preemption and the merits of plaintiffs' claims. Whether or not those arguments are relevant to interpreting the AIA or the statutory immunity provisions-and we take no position on that question-the parties' disagreements are better resolved through proceedings where those arguments can be fully developed, rather than through the limited jurisdiction afforded in a mandamus proceeding.
The alternative writ of mandamus is dismissed as improvidently allowed. The order allowing the petition for alternative writ of mandamus is withdrawn, and the petition for a writ of mandamus is denied.