Filed: December 13, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

STATE ex rel PORTLAND HABILITATION CENTER, INC.,

Petitioner on Review,

v.

PORTLAND STATE UNIVERSITY,

Respondent on Review,

and

ARAMARK MANAGEMENT SERVICES
LIMITED PARTNERSHIP,

Respondent on Review.

(CC 091116135; CA A144837; SC S059698)

En Banc

On review from the Court of Appeals.*

Argued and submitted on May 1, 2012.

Paula A. Barran, Barran Liebman LLP, Portland, argued the cause for petitioner on review. With her on the brief was John B. Dudrey.

Roy Pulvers, Hinshaw & Culbertson LLP, Portland, argued the cause and filed the brief for respondent on review Portland State University.

George S. Pitcher, Williams, Kastner & Gibbs PLLC, Portland, argued the cause for respondent on review Aramark Management Services Limited Partnership. With him on the brief were Eric J. Neiman and Rachel A. Robinson.

LINDER, J.

1

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

*Appeal from Multnomah County Circuit Court, Jean Kerr Maurer, Judge. 243 Or App 389, 256 P3d 1099 (2011).

LINDER, J.

This case requires that we resolve a purported conflict between two statutes relating to the issuance of a writ of mandamus: ORS 34.110, which precludes issuance of a writ of mandamus if the relator has a plain, speedy, and adequate remedy in the ordinary course of law, and ORS 34.130(3), which states that a writ of mandamus "shall be allowed" by a court or judge on the petition for the writ. After plaintiff[1] filed in the circuit court a petition for an alternative writ, the court declined to issue the writ and instead dismissed plaintiff's petition, relying on the existence of an adequate remedy at law. Plaintiff appealed to the Court of Appeals, which affirmed without opinion. *State ex rel Portland Habilitation Center, Inc. v. Portland State University and Aramark Management Services Limited Partnership*, 243 Or App 389, 256 P3d 1099 (2011). For the reasons that follow, we conclude that the circuit court permissibly dismissed plaintiff's petition. We therefore affirm the Court of Appeals decision.

We take the following facts from plaintiff's petition and from additional exhibits that defendant submitted to the circuit court.[2] Plaintiff is a "[q]ualified nonprofit

---

[1] Although plaintiff was the "relator" in the proceeding below, ORS 34.105(4), the case caption in the circuit court and on appeal used the term "plaintiff" to refer to the relator in the case, as do the parties on appeal and review. We therefore use that same term in this opinion.

[2] We include facts derived from the exhibits, which defendant presented to the circuit court below, solely for the purpose of providing contextual background. The circuit court considered at least some of the content in reaching a decision on the merits. Plaintiff took issue at oral argument in this court with whether the exhibits were part of the circuit court record, but we need not resolve that issue to decide the legal issue on review.

agency for individuals with disabilities," ORS 279.835(5), that offers job-placement services for adults with disabilities, including janitorial services for public agencies. Defendant is a "public agency" or "public contracting agency," ORS 279.835(4); under ORS 279.850(1), a public agency must procure certain services from a qualified nonprofit agency as defined in ORS 279.835(5), if the service at issue "is of the appropriate specifications and is available within the period required by that public agency."

In 2007, defendant issued a Request for Proposal (RFP) for janitorial services. Plaintiff submitted a proposal and negotiations followed, but defendant eventually discontinued negotiations. In 2008, defendant issued a new RFP, and plaintiff responded by submitting a formal protest to defendant's Office of Finance and Administraton, asserting that the new RFP and defendant's actions concerning the 2007 RFP had violated defendant's statutory obligations. In June 2008, defendant's Office of the Vice President for Finance and Administration issued a Final Agency Order that rejected plaintiff's formal protest and further determined that plaintiff had waived any right to assert further grounds or evidence in objection to the RFP. Defendant thereafter entered into a contract for janitorial services with a different company -- intervenor in this action -- that was not classified as a qualified nonprofit agency under ORS 279.835(5).

In November 2009, plaintiff filed a petition for an alternative writ of mandamus in the circuit court, contending that defendant had violated its statutory obligation under ORS 279.850 by procuring services through a nonqualifying company. The petition sought a writ directing defendant either to comply with that statute and

2

procure janitorial services from plaintiff or, alternatively, to appear and show cause why it had not done so.

On the day after plaintiff filed its petition for an alternative writ of mandamus, counsel for plaintiff, defendant, and intervenor appeared before the circuit court. Defendant orally requested that the court decline to allow the petition, arguing that, under ORS 34.110 (set out below), the court was not permitted to direct issuance of an alternative writ because a plain, speedy, and adequate remedy -- that is, relief under the Administrative Procedures Act (APA), ORS 183.310 to 183.690 -- had been available to plaintiff to resolve the dispute at issue. Plaintiff responded that, under the express wording of ORS 34.130(3) (also set out below), the circuit court was required to allow and direct issuance of an alternative writ regardless of any contention on defendant's part about the existence of an alternative remedy. The circuit court agreed with defendant that plaintiff had an available adequate remedy at law and that ORS 34.110 therefore precluded the court from directing issuance of a writ. Accordingly, the court issued an order denying plaintiff's petition and thereafter issued a judgment that dismissed the petition.

Plaintiff then pursued dual courses of action, by filing a separate writ of mandamus in this court and also by appealing the circuit court's judgment to the Court of Appeals. This court denied plaintiff's petition for writ of mandamus by order, *State ex rel Portland Habilitation Center, Inc. v. Portland State University* (Mar 25, 2010) (S058254); the Court of Appeals affirmed the circuit court's judgment without opinion. We allowed plaintiff's petition for review of the Court of Appeals decision.

3

On review, the parties dispute the proper application of two related statutes. The first is ORS 34.110, which sets out the substantive parameters for issuance of a writ of mandamus:

> "A writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station; but though the writ may require such court, corporation, board, officer or person to exercise judgment, or proceed to the discharge of any functions, it shall not control judicial discretion. *The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law*."

(Emphasis added.) The second is ORS 34.130, which sets out additional requirements relating to, among other things, the filing and service of a petition for a writ of mandamus, allowance of the petition, and issuance of a writ. The pertinent part of that statute, subsection (3), provides:

> "Except as to a petition filed in the Supreme Court, *the writ shall be allowed by the court or judge thereof on the petition.* On the filing of the order of allowance, the clerk or court administrator forthwith shall issue the writ in accordance with the petition. The clerk or court administrator may require the relator to provide a form of writ in accordance with the petition."

(Emphasis added.)

On review, plaintiff contends, as it did below, that ORS 34.130(3) required the circuit court to allow and direct issuance of an alternative writ of mandamus in response to plaintiff's petition. According to plaintiff, the circuit court had no discretion to conclude that it should deny plaintiff's petition outright, based on the perceived availability to plaintiff of a plain, speedy, and adequate remedy at law. Instead, the court should have directed issuance of an alternative writ, and defendant thereafter could have

4

raised the remedy issue in an answer or motion to dismiss. Plaintiff seeks to harmonize the apparently conflicting wording in the last sentence of ORS 34.110 by asserting that that latter statute pertains to issuance of only peremptory, and not alternative, writs.

Defendant advances two primary arguments in response. First, defendant contends that the APA provided the sole and exclusive remedy to plaintiff as to its dispute with defendant, the circuit court therefore had no jurisdiction, and the court thus did not err in dismissing plaintiff's petition. Defendant relatedly contends that, in light of the remedy that the APA afforded to plaintiff, the trial court correctly dismissed plaintiff's petition under ORS 34.110 and also correctly concluded that issuance of an alternative writ was not required to precede that decision.

The parties' arguments offer alternative starting points for our analysis. Given the procedural posture of the case, the central issue is whether the circuit court correctly relied on ORS 34.110 as its rationale for dismissing plaintiff's petition for an alternative writ of mandamus or, conversely, whether the circuit court was required under ORS 34.130(3) to first allow and direct issuance of an alternative writ. As explained below, after applying our statutory construction methodology, *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), we conclude that the circuit court correctly determined that ORS 34.110 precludes issuance of an alternative writ of mandamus when a circuit court determines at the outset that a plain, speedy, and adequate remedy at law is available to the relator. We further conclude that ORS 34.130(3) does not conflict with that construction.

5

We begin with the central requirements for issuance of a writ of mandamus, set out in ORS 34.110:

> "A writ of mandamus may be issued to any inferior court, corporation, board, officer or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust or station; but though the writ may require such court, corporation, board, officer or person to exercise judgment, or proceed to the discharge of any functions, it shall not control judicial discretion.  The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law."

Under that statute, three requirements underlie the issuance of a writ of mandamus.  First, the relator must identify an inferior court, entity, or person as described who is obligated to perform a particular act.  Second, the relator must request performance of an act specifically required by law, by virtue of a duty as described, which does not involve the exercise of judicial discretion.  Third, a writ may not be issued if the relator has a plain, speedy, and adequate remedy in the ordinary course of law.  As to the first two requirements, the statute is permissive and is worded in the affirmative -- that is, a court may exercise its discretion to issue a writ if those requirements are met.  As to the third requirement, the statute is mandatory and worded in the negative -- that is, a court shall not issue a writ if a plain, speedy, and adequate remedy at law is available to the relator.

As this court repeatedly has explained in relation to the remedy provision of ORS 34.110, "[i]t is fundamental that [a] relator is not entitled to the remedy of mandamus unless * * * there is no other plain, speedy, and adequate remedy available to obtain the relief to which he [or she] is entitled." *State ex rel. v. Dobson*, 171 Or 492, 498, 135 P2d 794 (1943).  *See also State ex rel LeVasseur v. Merten*, 297 Or 577, 580,

6

686 P2d 366 (1984) (mandamus relief "unavailabl[e]" where relator has speedy and adequate remedy at law); *State ex rel Bethke v. Bain*, 193 Or 688, 705, 240 P2d 958 (1952) (availability of adequate remedy that affords relator all to which he or she is entitled serves as "bar" to mandamus relief).  In *Habersham v. Sears*, 11 Or 431, 435, 5 P 208 (1884), this court described the nature of a mandamus proceeding and the remedy requirement as follows:

> "Its object is not to supersede, but to supply the want of a legal remedy.  To authorize its issuance, two facts must co-exist[:]  the right to have the particular act or duty performed and the want of an adequate or specific remedy at law.  In determining them, the question presented by this record, it is not sufficient, to warrant the relief prayed for that the plaintiff has a clear legal right to have the duty performed, but it must also appear that the law affords him no other specific, legal remedy, fully adequate to redress his grievances.  Has the plaintiff such a remedy in the ordinary course of the law for the negligence or breach of duty of which he complains?  A remedy so complete and adequate as will afford him full compensation for any injury or loss which he may have sustained?  If the answer to this question be in the affirmative, *there will be no failure of justice and the writ must be denied*."

(Emphasis added.)  *See also Durham v. Monumental S. M. Co.*, 9 Or 41, 44 (1880) ("The existence, or non-existence, of an adequate and specific remedy at law under the ordinary forms of legal procedure, is * * * one of the first questions to be determined in all applications for the writ of mandamus[.]")  In sum, the remedy provision of ORS 34.110 sets out an overarching, fundamental, and time-honored[3] requirement that operates to bar mandamus relief if a plain, speedy, and adequate remedy at law is available to the relator. The foregoing case law supports defendant's contention that a court's determination that

---

[3]     The essential text of ORS 34.110 has been in place since the time of statehood.  *See* General Laws of Oregon, Civ  Code, ch VII, title II, § 583 (so demonstrating).

7

such a remedy is available precludes application of any statutory provision that sets out procedures for allowing and directing issuance of a writ.

As to plaintiff's contention that the remedy provision of ORS 34.110 is limited to issuance of a peremptory -- but not an alternative -- writ of mandamus, nothing in the statutory wording justifies such a limited application. Notably, other parts of ORS chapter 34 use the more narrow terms "alternative" and "peremptory," which suggests as a textual matter that the broader term "writ" in ORS 34.110 applies to writs of both types. *See* ORS 34.150 (stating that writ may be alternative or peremptory; setting out required content for each); ORS 34.160 (describing circumstance when peremptory writ shall be issued in first instance); *see also Jordan v. SAIF*, 343 Or 208, 217, 167 P3d 451 (2007) (use of particular term in one section of statute, but not another section of same statute, indicates purposeful omission). Further, both an alternative and a peremptory writ "command" compliance with their terms, ORS 34.150(2)(b)(A) and (3), and thus "compel" the performance of a mandatory legal duty within the meaning of ORS 34.110. The only difference is that, in the case of an alternative writ, the defendant may opt to try to show cause for not performing the act, as an alternative to performing the act that the writ commands. ORS 34.150(2)(b)(B). If the defendant does not try to do so, however, the alternative writ compels the act to be performed just as does a peremptory writ.

Case law involving this court's original mandamus jurisdiction demonstrates that the elemental requirements of the statutory predecessor to ORS 34.110 apply to issuance of an alternative writ, as well as to a peremptory writ. *See State v. Stapleton*, 139 Or 402, 10 P2d 600 (1932), *overruled on other grounds by State ex rel v.*

8

*Leonard*, 164 Or 579, 94 P2d 1113 (1940) (on original jurisdiction for alternative writ of mandamus, court dismissed petition after concluding that official was not obligated to perform alleged duty that petition had requested); *Washington v. Cleland*, 49 Or 12, 88 P 305 (1907) (same). And, this court recently has suggested that ORS 34.110 requires a circuit court to dismiss a petition for a writ of mandamus, before issuance of an alternative writ, if the court determines that the relator has an adequate remedy at law. Specifically, in *State ex rel Dewberry v. Kulongoski*, 346 Or 260, 210 P3d 884 (2009), the circuit court had dismissed the relator's petition for an alternative writ, based in part on the availability of an adequate remedy -- there, a declaratory judgment action. Before this court, one issue was whether a declaratory judgment action qualified as a plain, speedy, and adequate remedy at law under ORS 34.110. This court commenced its analysis on that issue by stating that, "[i]f a declaratory judgment action is a plain, speedy, and adequate remedy, then the circuit court properly dismissed the petition for a writ of mandamus." *Id.* at 270. That observation, coupled with the court's actions in *Stapleton* and *Washington*, and the lack of any qualifying or limiting wording in ORS 34.110, supports the conclusion that a circuit court is precluded from issuing a writ of mandamus -- either alternative or peremptory -- if the court determines on review of a petition that the relator has a plain, speedy, and adequate remedy at law.[4]

---

[4]  Of course, if a circuit court initially determines it appropriate to issue an alternative writ of mandamus, a defendant may respond by filing a motion to dismiss, based on, among other grounds, the availability to the relator of an adequate remedy at law. *See* ORS 34.170 (providing defendant opportunity to file answer or motion to dismiss, in response to service of alternative writ). If the court agrees as to the remedy issue, then the court must dismiss the previously issued alternative writ. *See Mt. Hood*

9

We turn to plaintiff's contention that -- notwithstanding the remedy provision of ORS 34.110 -- ORS 34.130(3) requires a circuit court to allow and direct issuance of an alternative writ of mandamus on the filing of a petition.[5] Again, that subsection provides:

> "*Except as to a petition filed in the Supreme Court, the writ shall be allowed by the court or judge thereof on the petition.* On the filing of the order of allowance, the clerk or court administrator forthwith shall issue the writ in accordance with the petition. The clerk or court administrator may require the relator to provide a form of writ in accordance with the petition."

(Emphasis added.) In plaintiff's view, that emphasized wording requires a circuit court to allow a petition for an alternative writ, thereby setting in motion the process for a defendant to answer or move to dismiss. *See* ORS 34.170 (defendant on whom alternative writ is served may show cause by motion to dismiss or answer to writ). Only after a defendant has answered or moved to dismiss, plaintiff contends, may a circuit court determine that dismissal is appropriate -- for example, due to the existence of a plain, speedy, and adequate remedy at law. In advancing that argument, plaintiff in part relies on the phrase in subsection (3) of ORS 34.130, "[e]xcept as to a petition filed in the Supreme Court," which plaintiff views as clarifying that a circuit court -- but not the

*Stages, Inc. v. Haley*, 253 Or 28, 445 P2d 878, *on reh'g*, 453 P2d 435 (1969) (circuit court issued alternative writ but dismissed on defendant's demurrer based on availability of adequate remedy; this court initially affirmed, although on rehearing directed circuit court to permit relator to amend writ, to replead sufficiency of remedy allegations).

[5] ORS 34.160 sets out the circumstances in which a peremptory writ, as opposed to an alternative writ, shall be allowed in the first instance. As do the parties, we focus our analysis and discussion on the more typical scenario in which the court may direct issuance of an alternative writ.

10

Supreme Court -- is required to allow a petition for an alternative writ. Defendant generally responds that the above-emphasized text of ORS 34.130(3) is merely one component of a procedural, sequential construct that describes the mandamus process, rather than a substantive requirement that compels a circuit court to allow and direct issuance of an alternative writ in response to the filing of a petition.

We agree with defendant that ORS 34.130 appears to operate as a procedural statute that sets out the processes for the filing and service of a petition for a writ of mandamus, and for allowance and issuance of a writ.[6] Specifically, subsection (1)

---

[6] ORS 34.130 provides, in full:

"(1) The relator shall file a petition for a writ of mandamus with the clerk of the court or court administrator.

"(2) The relator shall serve a copy of the petition on the defendant and, if the mandamus proceeding arises from a judicial or administrative proceeding, on all parties to such proceeding. Service of the petition on the defendant and adverse parties is sufficient if it complies with ORCP 9 B. The court in its discretion may act on a petition regardless of defects in the service of the petition on any adverse party, and the petition may be allowed with or without notice to the adverse party, as in a writ of review proceeding.

"(3) Except as to a petition filed in the Supreme Court, the writ shall be allowed by the court or judge thereof on the petition. On the filing of the order of allowance, the clerk or court administrator forthwith shall issue the writ in accordance with the petition. The clerk or court administrator may require the relator to provide a form of writ in accordance with the petition.

"(4)(a) Except as provided in paragraph (b) of this subsection, at any time in the course of a mandamus action until the return date of the alternative writ, any adverse party may intervene in the mandamus proceeding as matter of right. At any time subsequent to the return date of the alternative writ, the court in its discretion may allow an adverse party to intervene. With the consent of the defendant and, if the defendant is a

11

identifies the person with whom a petition should be filed (the clerk of the court or court administrator); subsection (2) sets out service requirements for the petition; subsection (4) clarifies when an adverse party may intervene; and subsection (5) clarifies the effect of the mandamus filing on the underlying proceeding.[7] As part of that sequential description, subsection (3) -- discussed further below -- sets out the requirements for allowance and issuance of a writ.

Turning specifically to the wording of subsection (3) of ORS 34.130, we first observe that it conveys a key directive that any ensuing writ of mandamus must be allowed "on the petition" and must issue "in accordance with the petition." That is, once issued, the alternative writ serves to replace the petition, and the substance of the writ must be drawn from the petition. *See United States v. Cohn*, 201 Or 680, 687-88, 272 P2d 982 (1954) (petition for writ of mandamus becomes "functus officio upon the

judge of the Supreme Court, Court of Appeals, Oregon Tax Court or circuit court, subject to ORS 1.550 and 1.560, the attorney for an adverse party may appear on behalf of the defendant.

"(b) For a petition filed pursuant to ORS 215.429 or 227.179, a motion to intervene must be filed with the court within 21 days of the date the petition was filed under subsection (1) of this section.

"(5) The filing or allowance of a petition for a writ of mandamus does not stay any judicial or administrative proceeding from which the mandamus proceeding may arise, but the court in its discretion may stay such proceeding."

[7] Subsequent provisions of ORS chapter 34 provide additional procedural requirements for the mandamus process. *See* ORS 34.140 (direction and service of writ, proof of service, and enforcement of obedience to writ); ORS 34.160 (allowance of peremptory as opposed to alternative writ in first instance); ORS 34.170 (defendant's answer or motion to dismiss); ORS 34.180 to 34.190 (failure to answer or to move for dismissal; additional pleadings; construction and amendment of pleadings; motions; manner of trial).

12

issuance of the alternative writ"); *McLeod v. Scott*, 21 Or 94, 26 P 1061, *on reh'g*, 29 P 1 (1891) (circuit court issued alternative writ; this court initially reviewed petition and supporting documentation to determine sufficiency of factual allegations, but, on rehearing, clarified that it was limited to examining alternative writ, not petition). In that respect, subsection (3) appears to set out procedural requirements for the court, by clarifying the scope and nature of a writ allowed and issued in response to the filing of a petition.

We next observe that nothing in ORS 34.130(3) expressly contradicts or removes the overarching substantive command of ORS 34.110 that no writ of mandamus shall issue if the relator has a plain, speedy, and adequate remedy at law. That is, ORS 34.130(3) can be read to mean that a circuit court "shall" allow and direct issuance of an alternative writ only *after* the court determines that it has authority to do so under ORS 34.110. Under that reading, the statutes operate in harmony.

We turn to plaintiff's reliance on the predicate phrase in ORS 34.130(3), "[e]xcept as to a petition filed in the Supreme Court," in its reading of the subsequent words, "the writ shall be allowed." As noted, in plaintiff's view, that phrase indicates a legislative intent that a circuit court always must respond to a petition for a writ of mandamus by allowing and directing issuance of an alternative writ. By contrast, the Supreme Court may respond to a petition by declining to issue an alternative writ -- for example, based on the court's determination that an adequate remedy at law is available to the relator -- even if the defendant had not yet answered or moved to dismiss. To fully address plaintiff's contention, we set out below the relevant statutory history, as well as a

related statute, ORS 34.200, which also is part of the contextual background for purposes of our analysis. *See Swarens v. Dept. of Rev.*, 320 Or 326, 331, 883 P2d 853 (1994) (context includes development of statute through successive legislative sessions); *State v. Klein*, 352 Or 302, 309, 283 P3d 350 (2012) (context includes related statutes).

The legislature enacted the current version of ORS 34.130 -- including the phrase in subsection (3), "[e]xcept as to a petition filed in the Supreme Court" -- in 1989. Or Laws 1989, ch 702, § 3. Before 1989, ORS 34.130 (1987) simply provided:

"The writ shall be allowed by the court or judge thereof upon the petition, verified as a complaint in an action, of the party beneficially interested. It may be allowed with or without notice to the adverse party, as in the case of a writ of review. Upon the filing of the petition and order of allowance, the writ shall be issued by the clerk or court administrator in accordance therewith."

That version of ORS 34.130 dated to the enactment of the Oregon Revised Statutes in 1953; before 1953, the same version was in effect. *See* OCLA § 11-303; General Laws of Oregon, Civ Code, ch VII, title II, § 584.[8] In substance, then, the earlier version included the current requirement that a writ of mandamus "shall be allowed by the court or judge thereof upon the petition." The earlier version did not, however, include any "exception" for petitions filed in the Supreme Court. Also notably, the statute originally provided -- and still provides -- that the actors who are authorized to *allow* a writ as a judicial matter (the court or judge thereof)

---

[8] The only difference between OCLA § 11-303 and ORS 34.130 (1987) was the addition of the words "or court administrator," regarding issuance of a writ, which the legislature added in 1971. Or Laws 1971, ch 193, § 27.

14

are different from the actors who are authorized to *issue* a writ as an administrative matter (the clerk or court administrator).

A related statute, ORS 34.200 (1987), specified in its second sentence the following additional procedure for petitions filed in the Supreme Court:

> "In the circuit court or Oregon Tax Court the writ may be made returnable either in term time or vacation, and if the latter, may be tried and determined before the judge in like manner and with like effect as in term time. *In the Supreme Court the writ may be allowed by the court or any judge thereof, but shall only be tried and determined by the court; and all issues therein shall be tried by the court.*"

(Emphasis added.) That statute remains in effect, with the second sentence now numbered as ORS 34.200(2). And, as with the predecessor to ORS 34.130, that statute predated the Oregon Revised Statutes. *See* OCLA § 11-314 (virtually identical wording to ORS 34.200 (1987) and current ORS 34.200(2)); General Laws of Oregon, Civ Code, ch VII, title II, § 595 (same). As can be seen, in addition to specifying the same actors who may allow a writ of mandamus as specified in ORS 34.130 (the court or any judge thereof), ORS 34.200 (1987) contained a caveat as to the Supreme Court's consideration on the merits once a writ is allowed: The full court -- not only one or some judges thereof -- must "tr[y] and determine[]" the writ "and all issues therein."[9]

---

[9] That provision contrasted -- and still contrasts -- against the first part of ORS 34.200 (1987), now numbered as ORS 34.200(1), which provides that "the judge" in the circuit court or Oregon Tax Court may try and determine the matter as in term time if the writ is returnable in vacation. *See* ORS 3.238(1) (providing for appointment by circuit court judge of "term of court," either by general order made and entered during term time or by special order made and filed in vacation for trial of particular cause or transaction).

In 1989, when the legislature enacted the expanded version of ORS 34.130 that now includes in subsection (3) the predicate wording "[e]xcept as to a petition filed in the Supreme Court," the mandamus statutory scheme did not include a provision outlining procedures under the Supreme Court's original mandamus jurisdiction, with the narrow exception of the second sentence of ORS 34.200 (1987), as just discussed. Several years later, in 1997, the legislature enacted ORS 34.250, which now sets out comprehensive procedural requirements relating to mandamus petitions filed under the Supreme Court's original jurisdiction, when the proceedings challenge certain actions of other state court judges.[10] Or Laws 1997, ch 388, § 2. Subsection (5) of that statute

---

[10] ORS 34.250 provides, in part:

"(1) The provisions of this section apply only to the exercise of the Supreme Court's original jurisdiction in mandamus proceedings that challenge the actions of judges in particular cases in the circuit courts, the Oregon Tax Court or the Court of Appeals. The provisions of this section do not apply to the exercise of the Supreme Court's original jurisdiction in mandamus proceedings that challenge the administrative action of a judge or court, or that challenge other actions of a judge or court that is of an institutional nature. To the extent that any provision of ORS 34.105 to 34.240 is inconsistent with the provisions of this section, the provisions of this section govern in mandamus proceedings subject to this section.

"(2) [case title requirements and party designation provisions].

"(3) [service requirement provision].

"(4) [process to intervene provision].

"(5) If the Supreme Court elects to issue an alternative writ of mandamus, the Supreme Court shall issue an order allowing the petition. The order may be issued in combination with the alternative writ of mandamus. * * *.

"(6) At any time after the filing of the petition for writ of mandamus

16

specifically provides, in part, that, "[i]f the Supreme Court elects to issue an alternative writ of mandamus, the Supreme Court shall issue an order allowing the petition" and that "[t]he order may be issued in combination with the alternative writ of mandamus."

Thus, from a procedural standpoint as to the *allowance* of a writ of mandamus, the statutory scheme always has included both a general statute, ORS 34.130, and a more particular statute that applies to only the Supreme Court, now numbered as ORS 34.200(2). Both statutes always have provided -- and still provide -- that either "the court or [any] judge thereof" are authorized to "allow[]" the writ. And, as to both the circuit courts and the Supreme Court, ORS 34.130 always has provided -- and still provides, in subsection (3) -- that, once allowed, the writ shall be *issued* by "the clerk or court administrator."[11] Further, as to the Supreme Court, ORS 34.200 always has

---

or issuance of the alternative writ of mandamus, if the judge or court whose action is being challenged performs the act sought in the petition or required by the alternative writ, the relator shall notify the Supreme Court that the judge or court has complied. * * * On motion of any party or on its own motion, the Supreme Court may dismiss a mandamus proceeding after receiving the notice provided for in this subsection.

"(7) If the judge or court to whom the alternative writ of mandamus is directed does not perform the act required by the writ, the mandamus proceeding will proceed to briefing and oral argument as provided in the rules of the Supreme Court or as directed by the Supreme Court. * * *.

"(8) If the Supreme Court has determined that the relator is entitled to a peremptory writ of mandamus, the court shall direct the State Court Administrator to issue a peremptory writ of mandamus. The peremptory writ of mandamus may be combined with the appellate judgment. * * *

"(9) [issuance of appellate judgment provision]."

[11] As noted in the preceding footnote, ORS 34.250(5) (enacted in 1997) now provides that the Supreme Court process for allowing an alternative writ of mandamus in

17

clarified that, although any judge of the court may "allow" a writ, the full court must determine the ultimate outcome on the merits following issuance of the writ.

The 1989 amendment to ORS 34.130 at issue here had the effect of clarifying that the provision in that statute -- now the first sentence of subsection (3) -- about *who* is authorized to *allow* a writ of mandamus did not apply to petitions filed under the Supreme Court's original mandamus jurisdiction. That update was logical, because ORS 34.200 already separately specified who may allow a writ in that circumstance: as with the circuit courts, either the court or any judge thereof. By contrast, ORS 34.130(3) continues to specify as to both the circuit courts and the Supreme Court that different actors are authorized to *issue* a writ (clerk or court administrator) than are authorized to *allow* a writ (court or judge thereof).

Further, the statutory wording, "the writ *shall* be allowed" (emphasis added) in ORS 34.130(3) and "the writ *may* be allowed" (emphasis added) in ORS 34.200(2) can be reconciled in light of the foregoing discussion. The permissive wording in ORS 34.200(2) contrasts the alternative Supreme Court actors who are permitted to allow a petition for a writ of mandamus (the Supreme Court or a judge thereof) against the single actor who is permitted to try and determine the cause on the merits (the Supreme Court, but not a judge thereof). As to ORS 34.130(3), however, no such contrast is required. Rather, as explained, the longstanding wording in ORS 34.130(3)

an original jurisdiction proceeding that challenges certain actions of another state court judge is to issue an order, which the court may combine with the alternative writ. No part of ORS 34.250, however, negates the provision in ORS 34.130(3) that, unless combined with an order allowing an alternative writ, the clerk or court administrator must issue the writ.

18

that "the writ shall be allowed by the court or judge thereof on the petition" serves to identify the actors permitted to allow the writ on the petition.

The legislative history of the 1989 amendment to ORS 34.130 -- which was one of several changes to ORS chapter 34 proposed by the Oregon Judicial Department, Senate Bill (SB) 288 (1989), Or Laws 1989, ch 702 -- does not specifically mention the then-new predicate phrase in subsection (3), "[e]xcept as to a petition filed in the Supreme Court."  Two aspects of the legislative history, however, generally confirm our determination that that phrase was not intended to require a circuit court to allow and direct issuance of an alternative writ of mandamus on the filing of a petition.  First, the 1989 amendments to ORS chapter 34 were characterized before the legislature as "minor procedural changes" that were intended to "modernize[]" mandamus proceedings.  Testimony, Senate Committee on Judiciary, SB 288, Feb 17, 1989, Ex C, pp 1, 4 (statement of State Court Administrator R. William Linden, Jr.).  Second, as to the particular amendments presented, the Judicial Department spokesperson and legislators particularly focused on notable changes to ORS chapter 34, such as updated provisions on real parties in interest, filing and service of the petition, stay, and attorney fees and costs.  Tape Recording, Senate Committee on Judiciary, SB 288, Feb 17, 1989, Tape 36 Side A, Tape 37 Side A (public hearing); Feb 24, 1989, Tape 44, Side A, Tape 43, Side B (work session).  The lack of any reference in that extensive discussion to the new Supreme Court "exception" wording in what is now ORS 34.130(3) demonstrates that the legislature did not view that wording as signifying any particular clarification as to the circuit court mandamus process.

19

In support of its reading of ORS 34.110 and ORS 34.130(3), plaintiff raises one additional argument that bears mention. Plaintiff contends that requiring a circuit court to allow and direct issuance of an alternative writ is logical from a procedural standpoint because, at the point of issuance, the writ itself is akin to a complaint and thus subject to an answer or motion to dismiss. *See* ORS 34.170 (on return day of alternative writ or further day as allowed, "the defendant on whom the writ was served may show cause by motion to dismiss or answer to the writ, in the same manner as to complaint in an action"); *State ex rel Bowles v. Olson*, 175 Or 98, 106, 151 P2d 723 (1944) (once issued, alternative writ deemed to be complaint in mandamus proceeding). In plaintiff's view, as with any civil action, legal argument as to whether the "complaint" states facts sufficient to constitute a claim -- such as the presence or absence of an adequate remedy under ORS 34.110 -- should occur only after the "complaint," *i.e.*, the alternative writ, is served on the defendant and the defendant responds by filing an answer or motion to dismiss.

Plaintiff is correct that the mandamus statutory scheme contemplates the procedural process outlined above -- that is, the filing and service of a petition, the allowance and issuance of an alternative writ, service of the writ on the defendant, and an opportunity for the defendant to answer or move to dismiss. As this court previously has explained, however, mandamus proceedings are unique in the law, with requirements that "differ from the pleading and practice prescribed for ordinary actions." *State ex rel Venn v. Reid*, 207 Or 617, 631, 298 P2d 990 (1956). One example of that unique character is that the relator files a petition for the court's review and then the court -- through its clerk

20

or court administrator -- issues the document that is akin to a "complaint" (the writ). And, more significantly for our purposes for here, the court is guided in its review of the petition by the fundamental requirements set out in ORS 34.110, which control when the court may and may not exercise its discretion to issue a writ. It follows that more than one outcome permissibly may follow from the filing of a petition -- either outright denial of the petition under ORS 34.110 as described in this opinion or issuance of an alternative writ. And, as noted earlier, the issuance of the alternative writ ultimately still may end in dismissal under ORS 34.110, if a defendant on whom the writ is served answers or moves to dismiss and successfully argues that the relator has an adequate remedy at law or that the writ otherwise should not have issued.

In sum, we agree with defendant that ORS 34.130(3) sets out the sequential, procedural parameters for a circuit court's allowance of a writ of mandamus, but does not operate as a substantive requirement that the circuit court must allow and direct issuance of an alternative writ on the filing of a petition. Instead, the overarching substantive requirements for issuance of a writ -- either alternative or peremptory -- are set out in ORS 34.110, including the requirement that "[t]he writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law." If a circuit court determines on review of a petition that the relator has such a remedy available, then the court is precluded from issuing an alternative writ. Alternatively, if the court initially determines that the relator has no such remedy available, or determines that the answer to that question is unclear, and also determines that it may issue an alternative writ under ORS 34.110, then the court (or judge thereof)

21

"shall" allow and direct the issuance of an alternative writ, as set out in ORS 34.130(3). Thereafter, the parties may argue further as to whether the alternative writ should be dismissed -- either because the relator has a plain, speedy, and adequate remedy at law or for other reasons -- or whether a peremptory writ should issue.

That legal conclusion fully resolves this case. We need not determine whether the circuit court below correctly determined that plaintiff had a plain, speedy, and adequate remedy at law, so as to preclude mandamus relief under ORS 34.110. In the circuit court, plaintiff's principal position was that, under ORS 34.130(3), the circuit court was obligated to issue the writ regardless of the purported availability of any adequate remedy. On appeal, plaintiff's single assignment of error presented only that same question. In light of the procedural posture of this case on appeal, that is the only issue before us for resolution.[12]

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[12] In its reply brief before the Court of Appeals and in its merits brief in this court, plaintiff added that the remedy question is more complex than defendant posits and, in its merits brief, requested that we remand to the circuit court for further argument as to the adequacy of any alternative remedy available to plaintiff. Plaintiff's argument in that regard comes too late.

22