*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1)*

Submitted July 1, reversed and remanded December 7, 2022

Nour Eddine MOUKTABIS,
an individual,
*Plaintiff-Appellant,*

*v.*

OREGON CITY POLICE DEPARTMENT,
*Defendant-Respondent.*

Clackamas County Circuit Court
21CV20555; A177847

Kathie F. Steele, Judge.

Nour Eddine Mouktabis filed the brief *pro se*.

No appearance by Oregon City Police Department.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

Relator appeals a general judgment denying his motion for writ of mandamus to compel defendant to "enforce the law and protect Relator from criminal activity perpetrated against him." The trial court denied the petition, citing ORS 34.020, but without further explanation or findings. We agree with relator that the trial court erred by entering judgment based on ORS 34.020. We reverse and remand.

The trial court cited ORS 34.020 as justification for denying the petition. However, ORS 34.020 generally addresses writs of review, not writs of mandamus. *See* ORS 34.020 (explaining who may seek review of any "process or proceeding before or by any inferior court, officer, or tribunal"); *Mattila v. Mason*, 287 Or 235, 240-41, 598 P2d 675 (1979) (distinguishing writs of review and writs of mandamus). Finding nothing in the record to give us a reason to believe the court simply made a typographical error, we conclude that the trial court erred.

Although relator appears to argue that the trial court was obligated by ORS 34.130(3) to issue the writ, that is not the case.

> "ORS 34.130(3) sets out the sequential, procedural parameters for a circuit court's allowance of a writ of mandamus, but does not operate as a substantive requirement that the circuit court must allow and direct issuance of an alternative writ on the filing of a petition. Instead, the overarching substantive requirements for issuance of a writ—either alternative or peremptory—are set out in ORS 34.110, including the requirement that '[t]he writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of the law.'"

*State ex rel Portland Habilitation Center v. PSU*, 353 Or 42, 60, 292 P3d 537 (2012); *see also State ex rel Young v. Keys*, 98 Or App 69, 72, 778 P2d 500 (1989) ("A relator must establish that the defendant has an official duty and that the relator has a corresponding right to performance of that duty.").[1]

---

[1] As we recently explained, mandamus is used to compel a government official to perform a legal duty to which the petitioner has a clear legal right to performance of that duty. *Marteeny v. Brown*, 321 Or App 250, 278, 517 P3d 343

In other words, the relator must demonstrate a legal right to the requested relief and that no other adequate remedy is available at law, ORS 34.110, and follow statutory procedure, ORS 34.130.

Reversed and remanded.

(2022). Mandamus is available "when the law *requires* a particular decision." *Dreyer v. PGE*, 341 Or 262, 276, 142 P3d 1010 (2006).