Argued and submitted July 12, vacated August 16, 2017

MARTIN ALLEN JOHNSON,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
06C16178; A162502

403 P3d 547

Daniel J. Casey argued the cause for appellant. With him on the brief was Robert L. Huggins, Jr.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dustin Buehler, Assistant Attorney General.

Before Egan, Presiding Judge, and DeHoog, Judge, and Wollheim, Senior Judge.

## PER CURIAM

Petitioner in this post-conviction case appeals an order of the post-conviction court dated June 21, 2016, denying his motion for a protective order. *See Brumwell v. Premo*, 355 Or 543, 326 P3d 1177 (2014); *Longo v. Premo*, 355 Or 525, 326 P3d 1152 (2014) (analyzing OEC 504(4)(c)'s breach of duty exception to attorney-client privilege and concluding that a protective order may be necessary in a post-conviction case to prevent disclosure of privileged information to third parties). Petitioner contends, in part, that the post-conviction court had no jurisdiction to enter an order denying the motion because an appeal from a previous order denying the same request was pending at the time the trial court ruled.[1] Accordingly, petitioner asserts, jurisdiction "was vested in this court, not the trial court." The superintendent, for his part, agrees with petitioner that the post-conviction court lacked jurisdiction to issue the June 2016 order underlying this appeal: "The post-conviction court had decided the same issue twice before; because those prior orders were subject to pending appeals, the post-conviction court lacked jurisdiction over the cause, and had no authority to revisit its prior rulings." We agree with the parties that because, at the time the order was entered, an appeal was pending regarding an earlier order of the post-conviction court denying petitioner's request for a protective order, the post-conviction court lacked jurisdiction to enter the June 21, 2016, order.[2] *See* ORS 19.270(1)[3]; *Koller v. Schmaing*, 254

---

[1] Petitioner's appeal of the post-conviction court's earlier order denying his request for a protective order is pending in *Johnson v. Premo*, A160579.

[2] In light of our conclusion that the trial court had no jurisdiction to enter its June 21, 2016, order on the motion for protective order, we do not consider any issues petitioner attempts to raise in his *pro se* supplemental brief.

[3] Under ORS 19.270(1),

"[t]he Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255. The trial court may exercise those powers in connection with the appeal as are conferred by law, and retains jurisdiction in the matter for the following purposes:

"(a) Deciding requests for attorney fees, costs and disbursements or expenses pursuant to ORCP 68 or other provision of law.

"(b) Enforcing the judgment, subject to any stay of the judgment.

"(c) Deciding a motion to judgment notwithstanding the verdict under ORCP 63.

Or App 115, 130, 296 P3d 529 (2012), *rev den*, 353 Or 445 (2013) ("[U]pon the filing of a notice of appeal, jurisdiction of the cause rests in the appellate court, with the trial court retaining limited jurisdiction with respect to precisely identified matters."). Accordingly, the June 21, 2016, order denying petitioner's request for a protective order must be vacated.

Vacated.

---

"(d) Deciding a motion for new trial under ORCP 64.

"(e) Deciding a motion for relief from judgment under ORCP 71 B."