738 December 17, 2025 No. 1088

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT HERCENBERGER,
*Defendant-Appellant*.

Yamhill County Circuit Court
24VI41888, 24VI41891; A184775 (Control), A184776

Ladd J. Wiles, Judge.

Argued and submitted July 22, 2025.

Robert Hercenberger argued the cause and filed the briefs *pro se*.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this consolidated appeal, defendant appeals from judgments of conviction for the violations of driving while suspended or revoked, ORS 811.175, and failure to carry a registration card, ORS 803.505 (Case No. 24V141891), and illegal alteration or illegal display of a registration plate, ORS 803.550 (Case No. 24V141888). Defendant challenges the trial court's denial of his motion to dismiss for lack of subject matter jurisdiction and his motion to suppress. As explained below, we affirm.

The relevant facts are few. Sergeant Hagen saw defendant driving on Highway 99, and he recognized defendant and the car from a prior stop in which Hagen cited defendant for driving while suspended. Hagen verified that the registration plates on the car were registered to defendant and that defendant's license was still suspended. Hagen then stopped defendant. During the stop, defendant could not produce registration for the car, and Hagen discovered that the registration plates on the car belonged to a different vehicle also owned by defendant. The court also admitted at trial a DMV suspension packet that showed defendant was served with notice that his license was suspended.

*Motion to Dismiss*

Below, defendant moved to dismiss the case, arguing that the trial court lacked jurisdiction because he has appeals pending that challenged the underlying child support order that was the basis for his license suspension and challenging the suspension. He also argued that the issue had already been decided in his favor because a different judge had dismissed the previous citation for driving while suspended that Hagen had issued. The court denied the motion, stating that the reasons for the municipal judge dismissing the prior driving while suspended case were unclear, and finding that defendant had notice of his license suspension and that his license was still suspended on the date Hagen cited him.

"Whether a court has subject matter jurisdiction over a claim is generally a question of law, which we review for legal error." *State v. Hill*, 277 Or App 751, 763, 373 P3d

162, *rev den*, 360 Or 568 (2016). On appeal, we reject each of defendant's arguments. The trial court's findings that defendant's license was still suspended by the DMV on the date that he was stopped and that defendant had notice of that suspension are supported by evidence in the record. Further, absent a stay pending appeal of the DMV's suspension order—which defendant conceded at oral argument was not entered in that case—defendant's pending appeals did not affect the validity of DMV's suspension of defendant's license. *See* ORS 183.482(3)(a) ("The filing of the petition shall not stay enforcement of the agency order[.]"). The prohibition on entering an order when an appeal on the same issue is pending, which defendant also raises, does not apply, as this is not the same proceeding as the one resulting in his license suspension, or the child support order case, nor does it involve the same parties or claim. *Cf. Johnson v. Premo*, 287 Or App 307, 403 P3d 547 (2017) (trial court lacked jurisdiction to enter an order in the case while an appeal was pending in the same case); ORCP 21 A(1)(c) (permitting a motion to dismiss in civil actions based on "that there is another action pending between the same parties for the same cause"). Finally, as we understand it, defendant's main due process argument is based on what occurred in the license suspension case, and not what occurred in this case, which does not provide us a basis on which we could reverse in this case. We also reject defendant's assertion that the trial court proceeded in a manner in this case that denied defendant due process. We affirm the trial court's denial of defendant's motion to dismiss.

*Motion to Suppress*

Before trial, defendant also filed a motion to suppress, arguing that Hagen lacked probable cause for the stop because Hagen only assumed he was driving the car and because Hagen's prior citation of defendant for driving while suspended had been dismissed. The trial court denied that motion.

A police officer has probable cause to stop a person for a traffic violation when the officer subjectively believes that an offense occurred and when that subjective belief is objectively reasonable. *State v. Husk*, 288 Or App 737, 739,

407 P3d 932, *rev den*, 362 Or 665 (2017). We review for legal error whether the facts establish probable cause. *Id*. In doing so, we are bound by the trial court's findings of fact that are supported by evidence in the record. *State v. Betancourt*, 374 Or 44, 47, 573 P3d 389 (2025).

Here, the facts as found by the trial court were supported by the record and establish Hagen's probable cause to stop defendant for driving while suspended. Hagen had previously cited defendant for driving while suspended, and he testified that he saw defendant driving the car and that he confirmed that defendant's license was still suspended before stopping him. The trial court credited that testimony and noted that there was no evidence of why the prior citation was dismissed. Based on those facts, Hagen's subjective belief that defendant was driving while suspended, in violation of ORS 811.175, was objectively reasonable. The trial court did not err.

Affirmed.